May Term,<br>1858.<br><br>LAWRENCE<br>v.<br>THE STATE.

---

## LAWRENCE v. THE STATE.

Section 105, 2 R. S. p. 375, providing that where two or more defendants are *indicted* jointly, any defendant requiring it must be tried separately, does not extend to prosecutions by *information*.

APPEAL from the *Bartholomew* Court of Common Pleas.

Saturday,<br>June 19.

PERKINS, J. — Information against *Lawrence* and two others, for creating and continuing a nuisance, by placing and leaving "the carcass of a dead mare near a certain public highway, where all citizens were wont to pass, &c., which carcass decayed and became offensive," &c.

The defendants appeared and severally demanded a separate trial. The Court refused the demand; the defendants were tried jointly; two were acquitted, and one convicted and fined.

It is assigned for error that the Court erred in refusing separate trials. The record shows nothing touching the point except the facts we have recited.

At common law, separate trials in such cases were in the discretion of the Court; and that discretion was presumed, the contrary not appearing, by the superior Court, to have been rightly exercised. But our statute (2 R. S. p. 375, § 105) enacts that where "two or more defendants

are indicted jointly, any defendant requiring it, must be tried separately."

The question is, were the defendants in this case indicted? They were prosecuted in the Common Pleas by information, for a misdemeanor. Prosecutions in the Common Pleas are not by indictment. It is only felonies that are thus prosecuted, in the Circuit Court, upon bills found by a grand jury.

We think the statute quoted should not, by construction, be extended to prosecutions by information.

*Per Curiam.*—The judgment is affirmed with costs.

*W. Herod* and *S. Stansifer*, for the appellant.

