*T. A. Hendricks* and *O. B. Hord*, for appellant.

*S. Bryan*, for appellee.

———————◆———————

HIBBS and Others *v.* THE STATE.

SEPARATE TRIAL.—In trials for misdemeanors upon information, an application for a separate trial is addressed to the discretion of the judge before whom the cause is heard.

APPEAL from the *Fayette* Common Pleas.

RAY, J.—Appellants were charged, upon an information, with riot. The first error assigned is, that the court refused to grant the motion for a separate trial.

There was no error in this. In trials for misdemeanors, upon information, the application for a separate trial is addressed to the discretion of the judge before whom the cause is heard. There is no law requiring that the application should be granted, and we decline to consider arguments based upon the ideas of counsel as to what the law should be. Such arguments may be pertinent when addressed to the law making power.

What the law is, was decided in the case of *Lawrence* v. *The State*, 10 Ind. 453, and we are unable to discover upon

what ground it can be insisted that there is an admission in the earlier case in the same volume, of *McJunkins* v. *The State*, that the right to such separate trial exists. Indeed, the opinion implies a denial of the right, holding that the application came too late, "even if the statute gives the right when properly claimed, to persons prosecuted by information." The argument that we are to reconsider these decisions, because the legislature has, since they were rendered, conferred jurisdiction upon the common pleas court in certain contingencies to try felonies, is addressed to a court unable to appreciate its force, if force there be in it, and we, therefore, adhere to the former rulings.

The appellants also excepted to the refusal of the following instructions asked by them:

"There must be three or more persons engaged assisting one another, and if a person at some distance when the riot is done, comes up immediately afterward, and does violence on the same object, he is not guilty of a riot.

"If the jury are satisfied from the evidence, that *Thomas Hibbs*, one of the defendants named in the information, was not present during the time of the commission of the fight between *Caldwell Hibbs* and *Richard Williams*, the prosecuting witness, and until they were separated, he would not be liable under the information for a riot, even although he may have made a great noise in swearing, or otherwise, and offered to fight *William Lucas*, another person in the same crowd."

A person at "some distance" may have been engaged in assisting and encouraging those actively engaged in the riot, and if it is intended to hold him discharged because he "immediately" came up and committed the same acts of violence, we cannot regard the instruction as improperly refused. Nor is the meaning of the word "present" very clearly conveyed to the jury, when they are told that a person may not be present, and yet "have made a great noise by swearing, and offering to fight *William Lucas*, another person in the same crowd."

The law, as doubtless intended to be expressed in the instructions asked by appellants, was very clearly, and at considerable length, given to the jury in the instructions of the court, and we do not feel it to be proper to extend this opinion, or to burden the reports, by their quotation.

The judgment is affirmed.

*J. S. Reid,* for appellants.

*N. Trusler, B. F. Claypool* and *D. E. Williamson,* Attorney General, for the State.