Burntrager *v.* McDonald.

## BURNTRAGER *v.* McDONALD.

BILL OF EXCEPTIONS.—*Dismissing Appeal.*—A ruling of the circuit court dismissing an appeal to that court from the decision of the board of county commissioners in a proceeding to change the location of a public highway cannot be presented to the Supreme Court except by a bill of exceptions.

APPEAL from the Carroll Circuit Court.

DOWNEY, J.—This was a proceeding, by petition, before the board of county commissioners, by McDonald, to change the location of a public highway on his lands.

Burntrager became a party by first objecting to the appointment of viewers, and secondly, by remonstrating. The result before the commissioners was favorable to McDonald. Burntrager appealed to the circuit court, where he moved to dismiss the case, and McDonald moved to dismiss the appeal. Both of these motions were overruled by the court.

Then the county commissioners, who for some reason were named as defendants on the docket, moved the court to dismiss the case so far as they were concerned. Then McDonald, in writing, moved the court to dismiss the appeal. Then, Burntrager, on his motion, obtained an order on the auditor to certify up a complete transcript, and to file the

original papers in the cause, some of which seem not to have been sent up by him.

Then this order was made by the court: " The court being duly advised, do now order that the appeal taken herein be and the same is hereby dismissed; and to which ruling of the court said plaintiff excepts, and prays an appeal," &c.

There is no bill of exceptions in the record, nor does it appear that the point was reserved in any way except as above stated.

The appellee urges that the propriety of the ruling of the court is not before us without a bill of exceptions.

On the other hand, the appellant insists that the exception to the ruling of the court in sustaining the written motion of the appellee to dismiss the appeal was entered of record, and that the question is fairly presented without a bill of exceptions; that all proper entries made by the clerk are to be deemed parts of the record.

If it were true that the sustaining of a written motion, and an exception, would put the question on the record in such form as to save the point, still this would not avail the appellant, for the reason that it does not appear that the court sustained the written motion, or that the appeal was dismissed for the reason stated in that motion.

But we think the position of the appellant cannot be sustained.

It is useless to refer to many of the cases on this subject. In *Aspinwall* v. *The Board of Commissioners of Knox Co.*, 18 Ind. 372, this court say, "There should have been a bill of exceptions, showing the cause of the dismissal, otherwise the action of the court will be presumed to have been correct." See, also, *Conoway* v. *Weaver*, 1 Ind. 263.

The judgment is affirmed, with costs.

*L. B. Sims* and *J. H. Gould*, for appellant.

*J. Applegate*, for appellee.