No. 9138.

## Douglass et al. *v.* The State.

CRIMINAL LAW.—*Nuisance.—Disorderly House.—Repeal of Statute.*—Section 17 of the liquor law, 1 R. S. 1876, p. 872, repeals section 10 of the misdemeanor act, 2 R. S. 1876, p. 462, entirely, and section 8 of the same act, as far as it is inconsistent therewith.

Douglass *et al. v.* The State.

'SAME.—*Section 17 Construed.*—The penalty provided in section 17 does not limit the application of such section to places only where the keeper thereof may have a license to sell intoxicating liquors.

.SAME.—*Misdemeanor.—Indictment.—Information.*—Misdemeanors may be prosecuted in the circuit court, either by indictment, or by affidavit and information, and, so far as practicable, the practice in either mode must be governed by the law applicable to prosecutions on affidavit.

'SAME.—*Separate Trial.—Discretion of Court.*—It is discretionary with the trial court to allow separate trials to defendants jointly indicted for a misdemeanor.

·SAME.—*Evidence.*—Upon a trial on an indictment for maintaining a nuisance, evidence as to the crowds on the sidewalk in front of or near the saloon of the defendants, is admissible.

PRACTICE.—*Affidavit for Change of Venue.—Record.—Bill of Exceptions.*—Where a bill of exceptions recites that "the defendants filed their affidavit and motion for a change of venue from the judge, in the words and figures, to wit," followed by the statement, "which affidavit and motion are inserted on pages 4 and 5 of this record," where there appeared an order-book entry of the filing of such motion, and the affidavit in full;

.*Held*, that such affidavit is not properly a part of the record on appeal.

;*Held*, also, that it is only where a paper or document is already a proper part of the record, that the clerk transcribing a bill of exceptions which requires the embodiment of the paper or document in a "here insert," may refer to the part of the record where the same is already found, instead of making another copy.

SAME.—*Motion in Arrest.—Form of Judgment.—How to Correct.—Supreme Court.*—A motion in arrest of judgment comes before, and does not challenge the form of, the judgment, or the validity of any part thereof. Objection to the form of a judgment should be made in the trial court, and the rulings of the court thereon, with the exceptions thereto, preserved by a bill of exceptions, to present the question in the Supreme Court.

From the Monroe Circuit Court.

*E. K. Miller* and *J. R. East*, for appellants.

*D. P. Baldwin*, Attorney General, *J. F. Pittman*, Deputy Prosecuting Attorney, and *W. W. Thornton*, for the State.

WOODS, J.—Indictment, charging that the appellants (and another who was acquitted) did, on the 1st day of

Douglass *et al. v.* The State.

January, 1880, and on divers days from said time, continuously to the date of this presentment, sell spirituous, vinous and malt liquors in less quantities than a quart at a time, to be drank on the premises where sold, bartered and given away, in a certain saloon building then and there situate, more particularly described as follows, (here follows the description) and did, then and there, during all of said times, unlawfully keep said house and saloon wherein spirituous, vinous and malt liquors were sold as aforesaid, to be drank, and which were drank, in said house and the appurtenances thereto belonging, in manner as aforesaid, in a disorderly manner, by then and there unlawfully suffering and permitting divers persons, on week days and Sundays, by day and by night, to congregate in and about said house and then and there make a great noise and disturbance, by yelling, quarrelling, boisterous talking, fighting, swearing, drunken rows, and did then and there, during said times, and thereby unlawfully maintain a common nuisance, to the disturbance and annoyance of divers good citizens of said county and State.

Having excepted to the action of the court in overruling their motion to quash the indictment, the appellants pleaded "not guilty," and moved for a change of venue from the judge, which motion was overruled, and exception taken. Motions were then made by each of the appellants for a separate trial, which the court refused, and on a trial by jury the appellants were each found guilty, and the punishment fixed at a fine of ten dollars each, and the forfeiture of the license of said Douglass. Motions for a new trial overruled, and judgment on the verdict.

The only objection made to the indictment is, that, "on its face, it may have intended to call the defendants to answer for a violation of either sections 8 or 10 of the misdemeanor act of June 14th, 1852, or of section 17 of the act to license retailing of liquors, of March 17th, 1875."

The sections referred to are of the tenor following, viz. :

"Sec. 8.    Every person who shall erect, or continue and maintain any public nuisance, to the injury of any part of the citizens of this State, shall be fined not exceeding one hundred dollars.

"Sec. 10.    All places wherein intoxicating liquors are sold, if kept in a disorderly manner, shall be deemed public nuisances ; and every person who shall erect, continue or maintain any such nuisance, to the annoyance or injury of any part of the citizens of this State, shall, upon conviction, be fined, for every day the same is so kept, not less than twenty, nor more than one hundred dollars."

"Sec. 17.    Every place, house, arbor, room or shed, wherein spirituous, vinous or malt liquors are sold, bartered or given away, or suffered to be drank, if kept in a disorderly manner, shall be deemed a common nuisance, and the keeper thereof, upon conviction, shall forfeit his license and be fined in any sum not less than ten nor more than one hundred dollars."

The last section, being the latest enactment, repeals section 10 of the misdemeanor act entirely, because its terms are such as to embrace all cases which could arise thereunder.    It also repeals said section 8, so far as inconsistent therewith, that is to say, so far as concerns any "place, house, arbor, room or shed, wherein intoxicating, vinous or malt liquors are sold," etc., "if kept in a disorderly manner."

It may be suggested that said section 17 can have application only to places whose keeper has a license, as it is provided that "the keeper thereof, on conviction, shall forfeit his license and be fined," etc.    If this interpretation were adopted, then said section 10 of the misdemeanor act would not be repealed, except as to cases against the licensed keeper of such disorderly places.    But we do not adopt this construction.    It would result in this, that the licensed owner of such a place, keeping it in a disorderly manner, would be

Douglass *et al. v.* The State.

punishable under said section 17, while his clerk, barkeeper, or any other who might-be guilty as an aider or abettor, having no license, could be prosecuted under said section 10 only, which permits of a different penalty. We construe the section as meaning that the keeper of the nuisance shall forfeit his license, if he have one, and be fined, etc. This certainly conduces to more consistent results, and doubtless was the legislative intention.

The prosecution was, therefore, under said section 17, which alone was applicable to the facts stated in the indictment; and, if it were conceded that the objection made, if true, was ground for quashing, the motion therefor was properly overruled.

The affidavit, on which the appellants based their motion for a change of venue, is not in any proper manner made a part of the record. There is in the record a bill of exceptions which shows that "the defendants filed their affidavit and motion for a change of venue from the judge in the words and figures, to wit:" and here follows this statement, which was perhaps inserted by the clerk, though it is not signed by him, viz. : "Which affidavit and motion are inserted on pages 4 and 5 of this record." No "here insert" is shown in the bill at this point, and, if there were, an insertion of a full copy of the affidavit and motion should have been made in the transcript. On pages 4 and 5 of the record which are referred to appears an order-book entry showing that the defendants made a motion for such change, and filed in support thereof an affidavit, which is set out in full by the clerk, but this did not make it a part of the record ; and it is only where a paper or document is already a proper part of the record, that the clerk, when transcribing a bill of exceptions which requires the embodiment of the paper or document in a "here insert,"may refer to the part of the record where the same is already found, instead of making another copy. Buskirk's Practice, 151-153 and cases cited ;

*Sidener* v. *Davis,* 69 Ind. 336. We can not therefore say that the court erred in overruling the motion for a change of venue.

The next question is whether the defendants were entitled to separate trials. It is provided by statute that, "when two or more defendants are indicted jointly, any defendant requiring it must be tried separately." 2 R.. S. 1876, p. 401, sec. 105; *Trisler* v. *The State,* 39 Ind. 473; *Cain* v. *The State,* 44 Ind. 435. This statute however did not apply to the prosecution of misdemeanors upon affidavit and information in the court of common pleas. *Lawrence* v. *The State,* 10 Ind. 453; *Johnson* v. *The State,* 14 Ind. 574; *Hibbs* v. *The State,* 24 Ind. 140.

By section 79 of the act approved March 6th, 1873, Acts 1873, pp. 87, 96, the jurisdiction of the court of common pleas was conferred on the circuit courts, and provision made that "all laws and parts of laws concerning said. courts of common pleas shall be hereafter construed to. mean and apply to said circuit courts;" and, by an act approved two days thereafter (Acts 1873, p. 183), it was enacted: "Sec. 1. That hereafter prosecutions in the circuit courts for misdemeanor cognizable therein may be by affidavit, as well as by indictment by the grand jury, and all laws on the subject of prosecutions by affidavit, not inconsistent herewith, shall apply to all misdemeanors.

"Sec. 2. Nothing herein contained shall be construed to change the law permitting prosecutions by indictment."

The effect of these provisions is, that, in the circuit court, misdemeanors may be prosecuted by indictment or by affidavit and information, but, so far as practicable or consistent, the practice in either mode of prosecution shall be governed by the law applicable to prosecutions on affidavit.

It was, therefore, a matter of discretion in the court, whether the appellants should be allowed separate trials.

Douglass *et al. v.* The State.

The record shows no abuse of that discretion.    Indeed, the appellants claim nothing on that theory.

It is claimed. that the court erred in permitting certain witnesses to testify as to the crowds gathered in the streets, or on the sidewalk, in front of and near the saloon or shop of appellants.    This evidence, though not in itself enough to make a case against the appellants, was competent.

What we have already said in reference to the indictment, disposes of any question made on the action of the court, during the progress of the trial, in requiring the prosecutor to elect under what section of the law he would proceed. There was no election to make, but the appellants were not harmed by anything done in that respect.    The prosecutor chose the 17th section of the act of 1875, and if this was an after-thought, as counsel for appellants contend, it was, nevertheless, right.

It is further claimed that the court erred in overruling the motion in arrest, and, upon this assignment, counsel argue that so much of the judgment is erroneous as declares a forfeiture of the license of the appellant Douglass.    The motion in arrest comes before, and does not challenge the form of the judgment or of any part thereof.    If the appellants desired to present any question as to the judgment of forfeiture, objection should have been made thereto, or a motion to strike the same out, and the ruling of the court and the exception thereto preserved by a bill of exceptions.    *Teal* v. *Spangler, ante,* p. 380.

We have considered all the points made or presented in the brief of counsel for the appellants, and find no error in the record.

Judgment affirmed, with costs.