WILLIAM H. DOUGLASS AND PATRICK FITZPATRICK V. THE STATE OF INDIANA.

1.  *Liquor Laws—Repeal of Certain Acts.*—Section 17 of the license law of 1875 repealed entirely section 10 of the misdemeanor act of 1852, and in part sec-tion 8 of the same.

2.  *Repeal—Reference to a Document by the Bill of Exceptions.*—It is only where a paper or document is already a proper part of the record that the clerk in tran-scribing the bill of exceptions, which requires the embodiment of the paper or doc-ment, in a "here insert," may refer to the part of the record where it is already found, instead of making another copy separate.

3.  *Trial in Misdemeanors.*—It is a matter of discretion in the circuit court to allow separate trials in such cases; these being governed by the laws which form-erly governed them in the common pleas courts.

4.  *Motion in Arrest.*—A motion in arrest of judgment comes before judgment, and so cannot challenge the form of the judgment, or the validity of any part of it.  Questions relating to these points must be raised in the usual mode of objec-tion and exception.

Filed March 30, 1881.

Appeal from Monroe Circuit Court.

Opinion of the court by Mr. Justice Woods.

Indictment charging that the appellant (and another who was acquitted) did, on the 1st day of January, 1880, and on divers days from said time continuously to the date of this presentment, sell spirituous, vinous and malt liquors in less quantities than a quart at a time to be drank on the premises where sold, bartered and given away, in a certain saloon building then and there situate, more particularly described as follows (here follows the descrip-tion), and did then and there during all said times unlawfully keep said house and saloon wherein spirituous, vinous and malt liquors were sold as aforesaid to be drank and which were drank in said house and upon the appurtenances thereto belonging in manner as

aforesaid in a disorderly manner by then and there unlawfully suf-
fering and permitting divers persons on week days and Sundays, by
day and by night, to congregate in and about said house, and then
and there make a great noise and disturbance, by yelling, quarrel-
ing, boisterous talking, fighting, swearing, drunken rows and did
then and there, during said times, and thereby unlawfully main-
tain a common nuisance to the disturbance and annoyance of divers
good citizens of said county and State.

Having excepted to the action of the court in overruling their
motion to quash the indictment, the appellants pleaded "not guilty,"
and moved for a change of venue from the judge, which motion
was overruled and exception taken.   Motions were then made by
each of the appellants for a separate trial, which the court refused,
and on a trial by jury the appellants were each found guilty and
the punishment fixed at a fine of ten dollars each and the forfeiture
of the license of said Douglass.   Motions for a new trial overruled
and judgment on the verdict.

The only objection made to the indictment is that " on its face
it may have been intended to call the defendants to answer for a
violation of either sections 8 or 10 of the misdemeanor act of June 14,
1852, or of sec. 17 of the act to license retailing of liquors of
March 17, 1875."

The sections refered to are of the tenor following, vil:

Sec. 8.  Every person who shall erect or continue and maintain
any public nuisance, to the injury of any part of the citizens of this
State, shall be fined not exceeding one hundred dollars.

Sec. 10.  All places wherein intoxicating liquors are sold, if
kept in a disorderly manner, shall be deemed public nuisances; and
every person who shall erect, continue or maintain any such nuis-
ance, to the annoyance or injury of any part of the citizens of this
State, shall, upon conviction, be fined for every day the same is so
kept, not less than twenty nor more than one hundred dollars.

Sec. 17.  Every place, house, arbor, room or shed, wherein spir-
ituous, vinous or malt liquors are sold, bartered or given away, or
suffered to be drunk, if kept in a disorderly manner, shall be
deemed a common nuisance, and the keeper thereof, upon convic-
tion, shall forfeit his license and be fined in any sum not less than
ten nor more than one hundred dollars.

The last section, being the latest enactment, repeals section 10 of the misdemeanor act entirely, because its terms are such as to embrace all cases which could arise thereunder ; it also repeals said section 8, so far as inconsistent therewith ; that is to say, so far as concerns any " place, house, arbor, room or shed wherein intoxicating, vinous or malt liquors are sold, etc., if kept in a disorderly manner."

It may be suggested that said section 17 can have application only to places whose keeper has a license, as it is provided that " the keeper thereof on conviction shall forfeit his license and be fined," etc. If this interpretation were adopted, then said section 10 of the misdemeanor act would not be repealed, except as to cases against the licensed keeper of such disorderly places. But we do not adopt this construction. It would result in this, that the licensed owner of such a place, keeping it in a disorderly manner, would be punishable under said section 17, while his clerk, barkeeper, or any other who might be guilty as an aider or abettor, having no license, could be prosecuted under said section 10 only, which permits of a different penalty.

We construe the section as meaning that the keeper of the nuisance shall forfeit his license, if he have one, and be fined, etc. This certainly conduces to more consistent results, and, doubtless, was the legislative intention.

The prosecution was, therefore, under said section 17, which, alone, was applicable to the facts stated in the indictment, and, if it were conceded that the objection made, if true, was ground for quashing, the motion therefor was properly overruled.

The affidavit on which the appellants based their motion for a change of venue, is not in any proper manner made a part of the record. There is in the record a bill of exceptions, which shows that " the defendants filed their affidavit and motion for a change of venue from the judge, in the words and figures, to-wit;" and here follows this statement, which was perhaps inserted by the clerk, though it is not signed by him, viz: " which affidavit and motion is inserted on pages 4 and 5 of this record." No. " here insert " is shown in the bill at this point, and if there were, an insertion of a full copy of the affidavit and motion should have been made in the transcript. On pages 4 and 5 of the record,

which are referred to, appears an order-book entry, showing that the defendants made a motion for such change, and filed in support thereof an affidavit; which is set out in full by the clerk, but this did not make it a part of the record ; and it is only where a paper or document is already a proper part of the record, that the clerk, when transcribing a bill of exceptions which requires the embodiment of the paper or document in a "here insert," may refer to the part of the record where the same is already found, instead of making another copy. Buskirk's Practice, 151–153 and cases cited; *Sidener* v. *Davis*, 69 Ind. 336. We can not, therefore, say that the court erred in overruling the motion for a change of venue.

The next question is whether the defendants were entitled to separate trials.

It is provided by statute that, "when two or more defendants are indicted jointly, any defendant requiring it must be tried separately." 2 Rev. 1876, p. 401, sec. 105; *Trisler* v. *The State*, 39 Ind. 473; *Cain* v. *The State*, 44 Ind. 435.

This statute, however, did not apply to the prosecution of misdemeanors upon affidavit and information in the court of common pleas. *Lawrence* v. *The State*, 10 Ind. 453; *Johnson* v. *The State*, 14 Ind. 574; *Hibbs* v. *The State*, 24 Ind. 141.

By section 79 of the act approved March 6, 1873, laws of 1873, special session, p. 84, the jurisdiction of the court of common pleas was conferred on the circuit courts, and provision made that " all laws and parts of laws concerning said courts of common pleas, shall be hereafter construed to mean and apply to said circuit courts." And by an act approved two days thereafter (Laws 1873, p. 183), it was enacted: " Sec. 1. That hereafter prosecutions in the circuit court for misdemeanors, cognizable therein, may be by affidavit, as well as by indictment by the grand jury, and all laws on the subject of prosecutions by affidavit, not inconsistent herewith, shall apply to all misdemeanors."

Sec. 2. Nothing herein contained shall be construed to change the law permitting prosecution by indictment.

The effect of these provisions is that in the circuit court misdemeanors may be prosecuted by indictment or by affidavit and information, but so far as practicable or consistent, the practice in either mode of prosecution shall be governed by the law applicable to prosecutions on affidavit.

It was, therefore, a matter of discretion in the court whether the appellants should be allowed separate trials. The record shows no abuse of that discretion; indeed the appellants claim nothing on that theory.

It is claimed that the court erred in permitting certain witnesses to testify as to the crowds gathered in the streets or on the sidewalk in front of and near the saloon, or shop of appellants. This evidence, though not in itself enough to make a case against the appellant, was competent.

What we have already said in reference to the indictment disposes of any question made on the action of the court, during the progress of the trial, in requiring the prosecution to elect under what section of the law he would proceed. There was no election to make, but the appellants were not harmed by any thing done in that respect. The prosecutor chose the 17th section of the act of 1875; and if this was an afterthought, as counsel for appellants contend, it was nevertheless right.

It is further claimed that the court erred in overruling the motion in arrest, and upon this assignment, counsel agree that so much of the judgment is erroneous as declares a forfeiture of the license of the appellant, Douglass. The motion in arrest comes before, and does not challenge the form of, the judgment, or the validity of any part thereof. If the appellants desired to present any question as to the judgment of forfeiture, objection should have been made thereto and a motion to strike the same out and the rulings of the court and the exceptions thereto preserved by a bill of exceptions. *Teal* v. *Spangler* (at this term.)

We have considered all the points made or presented in the brief of counsel for the appellants and find no error in the record.

Judgment affirmed with costs.

East and Miller, for appellant.