Colee v. The State.

No. 9526.

## COLEE v. THE STATE.

| | |
|---|---|
| 75 | 511 |
| 136 | 288 |
| 75 | 511 |
| 140 | 435 |
| 142 | 446 |
| 75 | 511 |
| 145 | 20 |
| 145 | 254 |
| 145 | 318 |
| 145 | 569 |
| 147 | 48 |
| 75 | 511 |
| 149 | 406 |
| 150 | 564 |
| 75 | 511 |
| 156 | 638 |
| 75 | |
| 162 | 511 |
| 162 | 86 |
| | 177 |
| 75 | 511 |
| f166 | 31 |
| f167 | 120 |

PRACTICE.—*Bill of Exceptions.*—*Affidavit.*—*Record.*—An affidavit for a continuance can only be made a part of the record by a bill of exceptions, and a bill of exceptions can only incorporate an instrument by reference when the instrument referred to is already properly in the record. It is not necessary to copy an instrument in the bill of exceptions, when it is already properly in the record; but when it is not properly a part of the record, although copied therein by the clerk, it must be set forth in the bill of exceptions as the statute requires.

CRIMINAL LAW.—*Practice.*—*Exceptions.*—*Bill of Exceptions.*—*Statute Construed.*—A bill of exceptions, by section 120 of the code, as amended by the act of March 2d, 1877, Acts 1877, p. 100, must be presented and filed either during the trial or within such time as the court may allow, not exceeding sixty days from the day judgment is entered. Exceptions, however, must be taken during the trial, but time may be allowed within the sixty days for embodying them in a proper bill.

SAME.—*Witness.*—*Opinion.*—*Non-Expert.*—*Unsoundness of Mind.*—*Evidence.*—In criminal prosecutions a non-expert witness must always state the facts upon which he bases his opinion as to the mental capacity of the defendant, and it must also appear that he has some knowledge of the acts and conduct of the defendant, to entitle his opinion to be admitted as evidence.

SAME.—*Duty of Court.*—*Jury.*—In such case, it is the duty of the court to decide whether such knowledge is shown, and such facts stated, as will entitle the witness to express an opinion, but what weight the opinion shall have is a question of fact for the jury.

SAME.—*Right of Court to Question Witness.*—A court has the right to question a witness, and no error is committed thereby unless the questions are in themselves objectionable, or are so asked as to improperly influence the jury.

SAME.—*Instructions.*—Where all the instructions, taken together, state the law applicable to the case fully and correctly, the fact that a single clause standing alone fails to do this, can not be made available to reverse the judgment.

SAME.—A single instruction entirely correct and relevant can not be declared erroneous because it does not gather up and group together all the various elements of the case.

SAME.—*Drunkenness.*—*Incest.*—Voluntary drunkenness can neither excuse nor palliate the crime of incest.

SAME.—*Instruction.*—Upon trial of a defendant charged with incest, it is not error for the court to state to the jury that a man with ordinary capacity and will power, unimpaired by disease, is bound to restrain his lustful passions.

Colee *v*. The State.

SAME.—*Indictment.*—*Instruction.*—*Evidence.*—*Jury.*—Where, in such action, the indictment charged the offence to have been committed at a specified date, but all the evidence, as well for the State as for the defendant, was directed to another and later date, reference in an instruction to the mental condition of the defendant, whose defence was unsoundness of mind, at the date named in the indictment, would not likely mislead the jury.

SAME.—"*Reasonable Doubt.*"—An omission by the trial court, in its instructions, to define the term "reasonable doubt," unless asked to do so by the defendant, will not entitle him to a reversal of the judgment.

From the Shelby Circuit Court.

*J. S. Scobey* and *D. Watts*, for appellant.

*D. P. Baldwin*, Attorney General, *J. L. White*, Prosecuting Attorney, *W. W. Thornton*, *O. J. Glessner*, *E. K. Adams* and *L. J. Hackney*, for the State.

ELLIOTT, J.—The appellant was tried and convicted, upon an indictment charging him with the crime of incest, and prosecutes this appeal from the judgment of conviction entered against him.

One of the grounds relied upon for a reversal, by appellant's counsel, is, that a continuance, applied for by appellant, was wrongly refused. The State insists that the record does not present this question, because the bill of exceptions was not presented to the judge during the trial. The record, as we read it, shows that the application for a continuance was made and refused on the 1st day of June, 1881; that, on the 7th day of the same month, immediately after the overruling of appellant's motion for a new trial, and before the rendition of judgment, the bill was filed. The State contends that the act of 1877 imperatively requires that all bills of exceptions shall be presented at the trial. The act referred to reads thus: "All bills of exceptions, in a criminal prosecution, must be made out and presented to the judge at the time of the trial, or within such time thereafter as the judge may allow, not exceeding sixty days from the time judgment is rendered, signed by the judge, and filed

by the clerk. The exceptions must be taken at the time of the trial." We are not willing to adopt such a strict and rigorous construction as that for which the State contends. The meaning of this provision is, that the bill shall be presented and filed either during the trial or within such time as the court may allow, not exceeding sixty days from the day judgment is entered. *Jenks* v. *The State*, 39 Ind. 1. Exceptions must be taken during the trial, but the court may allow time, within the period limited by statute, for embodying the exceptions in the proper bill. The question as to the correctness of the ruling denying a continuance is not, however, properly saved. The affidavit is not incorporated in the bill of exceptions. Parts of the affidavit are set forth, and it is recited that the affidavit is copied into the record at another place. An affidavit can only be made part of the record by a bill of exceptions, and a bill of exceptions can only incorporate an instrument by reference, when the instrument referred to is already properly in the record. *Black* v. *Daggy*, 13 Ind. 383 ; *Miles* v. *Buchanan*, 36 Ind. 490 ; *Stewart* v. *Rankin*, 39 Ind. 161 ; *Smith* v. *Lisher*, 23 Ind. 500 ; *Douglass* v. *The State*, 72 Ind. 385. It is not necessary to copy an instrument in the bill of exceptions, when it is already properly in the record ; but when the instrument is not properly part of the record, although therein copied by the clerk, it must be set forth in the bill of exceptions as the statute requires.

The appellant's counsel, by the error alleged upon the ruling denying a new trial, present a number of questions. The court, over the objection of appellant, permitted several witnesses, called by the State, to express opinions as to the appellant's mental capacity. Counsel assail this ruling upon the ground that the witnesses were not experts, and that they had not shown sufficient knowledge of the acts and conduct of the appellant to entitle them to testify as to their

opinion of the sanity or insanity of the accused.    It is true that a non-expert witness must always state the facts upon which he bases his opinion as to the mental capacity of a defendant in a criminal prosecution, and it is also true that it must appear that he has some knowledge of the acts and conduct of the person upon whose mental condition he declares his opinion.    The extent of this knowledge has never been defined, and we can not frame any general rule which will determine just how much or how little knowledge will entitle the witness' opinion to admission.    If the witness' knowledge is meagre, his opinion will have but a weak foundation, and ought not to have very great weight with the jury.    A witness, who has a thorough knowledge of the acts and conduct of a person whose mental capacity is the subject of investigation, ought, all other things being equal, to be able to give a much better opinion than one who possessed a scanty and slender knowledge ; but what weight the opinion shall receive is a question of fact for the jury. The court can not decide whether the opinion is of much or little weight ; its duty is merely to decide whether such knowledge is shown and such facts stated as entitle the witness to express any opinion at all.    The witnesses who were allowed to express opinions in the present case did all show knowledge of the acts, declarations and conduct of the appellant, and there was no error in allowing them to state their opinions to the jury.

Counsel complain that the court, in several instances, interrogated witnesses.    There was no error in this.    The court has a right to submit questions to a witness, and, unless the questions are in themselves objectionable, or are so asked as to improperly influence the jury, no error is committed. The court would not, of course, be warranted in assuming the duties of counsel, but has a right, when the testimony of a witness is not clearly understood, or when, for the pur-

pose of ruling intelligently upon a question, an explanation is needed, or a fuller answer required, to ask questions of the witness. We see nothing in the record before us indicating that the court, in any way, wrongfully prejudiced the rights of the appellant by the questions asked witnesses.

The appellant's counsel complain of the seventh instruction, and assert that it does not fairly state the law, because it contains this clause: "And if, at the time of committing said alleged act, he was a person of unsound mind, then you should acquit him."

The ground of complaint is, to use the words of counsel, "'The court should have told the jury that, if there was a reasonable doubt of appellant's sanity, he should be acquitted." In a subsequent instruction, the jury were plainly and directly told that the appellant was entitled to an acquittal if the evidence engendered a reasonable doubt upon the question of his mental capacity. It is clear that, taking the instructions together, and it is proper to so take them, the law upon this point was correctly stated to the jury. It would be almost impossible, in a complicated case, for all the relevant rules of law to be stated in one instruction. At all events, it would be unreasonable to expect or require that each separate instruction, standing alone, should fully and correctly state the principles of law applicable to the case.

In the eighth instruction the jury were told, in substance, that voluntary drunkenness neither excused nor palliated an offence such as that with which the accused was charged. This was right. Voluntary drunkenness can not be used as a shield to ward off punishment for a crime of such a character as that charged against the appellant. The instruction under immediate mention also told the jury that a man with ordinary capacity and will power, unimpaired by disease, was bound to restrain his lustful passions. The counsel for

appellant contend that this is not the statement of a rule of law, and that it prejudiced appellant's cause. The statement of the court was correct, although probably so plain a rule of common sense as well as of law, as to have been unnecessarily embodied in an instruction, but, however this may be, it was not error to state it to the jury.

It is also urged against this instruction, that it does not refer to the fact that the accused had been afflicted with epilepsy for more than twenty years. If the accused had desired an instruction upon this point it should have been asked. The instruction, as given by the court, is correct as far as it goes, and we can not pronounce it erroneous because it does not advert to a distinct and independent element of the appellant's defence. *Carpenter* v. *The State*, 43 Ind. 371; *Jones* v. *The State*, 49 Ind. 549. An instruction entirely correct and relevant can not be declared erroneous because it does not gather up and bind together all the various elements in the case. The instruction under examination does not purport to direct attention to particular facts, nor to recapitulate the evidence; it professes only to state abstract propositions of law.

In criticism of the twelfth instruction, it is said that it is erroneous because it speaks of the mental condition of the appellant at the time the State charges the offence to have been committed, and that this must have misled the jury, because the indictment charges the offence to have been committed on July 25th, 1880, and the evidence shows that if committed at all, it was committed on the 11th of February 1881. We do not think that this inaccuracy could possibly have done the appellant any injury. All the evidence given by the State, both in chief and upon rebuttal, was directed to February 11th, 1881. The whole body of appellant's evidence was also directed to that date. The attention of the jury was, therefore, fully directed to February, 1881, and

it is hardly conceivable that they could have supposed that they were bound to look to a date of which no witness had spoken, and toward which no circumstance pointed.

Lastly, it is urged that the instructions of the court are erroneous, and the appellant entitled to a reversal, because, although the court often speaks of a reasonable doubt, no definition of the meaning of that term was given to the jury. The omission of the court to define the term "reasonable doubt" does not entitle the appellant to a reversal. If counsel desired an instruction upon that subject, it was their duty to have asked one. If the proper instruction had been asked and refused, then there would have been just ground of complaint. Where there is such an omission as that of which counsel here complain, the attention of the trial court must be directed to it, before the jury retire, and an opportunity afforded to supply it by the proper instruction. *Murray* v. *The State*, 26 Ind. 141; *Blacketer* v. *House*, 67 Ind. 414.

We have now examined every point made in the elaborate brief of counsel except that made upon the evidence, which yet remains for consideration. The evidence has been carefully read, and we find that the verdict is so fully supported that we should not be warranted in disturbing it. We are not at all sure that if the case were before us as a trial court we could, under the evidence, reach a conclusion different from that reached by the jury and judge before whom the trial was had. As an appellate court we have not the slightest hesitation in sustaining the verdict upon the evidence.

Judgment affirmed.