Dawson v. Wilson et al.

---

No. 7433.

DAWSON v. WILSON ET AL.

SUPREME COURT.—*Practice.*—*Co-Defendant.*—One defendant can not complain, in the Supreme Court, that the name of a co-defendant was stricken from the record by the court below, unless it appears that he was prejudiced thereby.

SAME.—*Cross Complaint.*—That a cross complaint was stricken from the record by the court below can not be questioned in the Supreme Court, unless the record shows the ground upon which the court below acted.

From the Warren Circuit Court.

*R. C. Gregory* and *W. B. Gregory*, for appellant.

*J. M. Rabb*, for appellees.

WORDEN, J.—This case has been in this court before, in a little different form, and the decision of it is reported in 52 Ind. 513 (*Wilson et al.* v. *Dawson et al*). The original action was brought by Wilson and others to reform and foreclose a mortgage. The appellant herein, Charles J. Dawson, and Zimri Atkinson, Joseph Atkinson, Robert M. Atkinson, Cephas Atkinson and Wesley Wagner were, among other persons, made defendants. The only supposed errors complained of by the appellant are shown by the following bills of exception:

1. "Be it remembered, that heretofore, to wit, at the present term of this court, the defendants, Zimri Atkinson, Joseph Atkinson, Cephas Atkinson, Robert M. Atkinson and Wesley Wagner, by their attorneys, Joseph M. Rabb and James McCabe, moved the court to strike the names of said defendants from the record. And that after argument the court, on the 18th day of June, 1877, sustained said motion and struck the names of said defendants from the cause, and to the ruling of the court in sustaining said motion the defendant Charles J. Dawson then and there excepted, and time was given to file exceptions," etc.

2. "Be it remembered, that on the seventh juridical day of the June term of said court for 1877, the defendants Zimri Atkinson, Joseph Atkinson, Cephas Atkinson, Robert M. Atkinson and Wesley Wagner moved the court to strike from the files of this cause the cross complaint of the defendant Charles J. Dawson filed herein on the 3d day of April, 1877, which reads in the words and figures following, to wit" (here the cross complaint is set out), "and which said motion reads as follows, to wit (not on file with the papers in the cause), and, after argument of said motion, the court then and there sustained the same, and struck from the files of said cause said cross complaint, and to the sustaining of said motion the defendant Charles J. Dawson then and there excepted, and time was given to file his bill of exceptions," etc.

The first bill of exceptions does not show the ground on which the names of Zimri Atkinson and the other persons

mamed were struck from the record. If one defendant can in any case object to the striking out of the name of another, it should in some way appear that he was injured by it before he can complain of it as error, whatever may have been the ground on which it was struck out. In looking through the record we can not discover from the relations of the parties to the case, that the appellant was in any way injured by striking out the names of the persons mentioned as defendants to the original action. The appellant was only interested in keeping them in court as parties to his cross complaint.

This is the view of counsel for the appellant, for in their brief they say : "The question presented by this record arises on the allegations contained in the cross complaint of Charles J. Dawson against the appellees, set out in the assignment of error."

We conclude, therefore, that no error was committed against the appellant in striking out the names of the persons mentioned as parties to the action.

The next question is, did the court err in striking out the appellant's cross complaint? We can by no means say that there was any error in this ruling. The second bill of exceptions does not show the ground upon which the motion to strike out was made or sustained. There may have been good ground for sustaining the motion, and we must presume that such ground existed, in the absence of any showing of the ground upon which the court acted.

Thus, in the case of *Ross* v. *Misner*, 3 Blackf. 362, a cause had been dismissed in the circuit court, on motion, no reason appearing for or against the dismissal, and it was held that the dismissal must be presumed to have been correct.

Again, in the case of *The Inhabitants of Congressional Township, etc.*, v. *Clark*, 1 Ind. 139, a cause was dismissed on motion of the defendant, the bill of exceptions not showing the ground of the motion. Held that the presumption was that the cause was dismissed on sufficient ground. In *Conoway* v. *Weaver*, 1 Ind. 263, the same thing was held, and in

addition thereto ·it was held that the statements of the clerk as to the ground of the motion could not be taken as showing the ground. See, also, as to the necessity of the ground of dismissal being shown, the cases of *Aspinwall* v. *The Board of Commissioners of Knox County*, 18 Ind. 372, and *Burntrager* v. *McDonald*, 34 Ind. 277.

The judgment below is affirmed, with costs.