Klingensmith v. Faulkner *et al.*

———◆———

No. 9618.

KLINGENSMITH *v.* FAULKNER ET AL.

FORCIBLE ENTRY AND DETAINER.—*Description of Land.—Practice.—Dismissal of Action.*—An action for forcible entry and detainer, commenced before a justice, may be dismissed by the circuit court for want of a proper description of the land. "Three and one-half acres off of" a specified tract is not a good description of the land in a complaint in such action.

PRACTICE.—*Pleadings Stricken Out.—Bill of Exceptions.*—Pleadings, stricken from the files, can be made part of the record only by bill of exceptions or by order of court.

SAME.—*Making of Transcript.—References to Documents.*—In making a transcript of a bill of exceptions the clerk should not at a (here insert) refer to another part of the transcript for a copy of the document, unless the copy referred to is a proper part of the record.

From the Marion Circuit Court.

*I. Klingensmith,* for appellant.

*A. C. Harris* and *W. H. Calkins,* for appellees.

WOODS, J.—Action for forcible entry and detainer, commenced before a justice of the peace, by the appellant against the appellees. In the circuit court the case was dismissed, on motion of the defendants, for want of a sufficient description in the complaint of the premises sought to be recovered. The appellant excepted to this action and asked leave to file an amended complaint, and fifteen days afterwards, at the same term of court, as is shown by an order-book entry, did file an amended complaint, which afterwards, on motion of the appellees, who appeared specially for the purpose of making the motion, was, by order of the court, stricken from the files. The errors assigned are designed to bring into question the correctness of these rulings.

The record contains a copy of the transcript of the proceedings before the justice of the peace, and in that transcript is a copy of the original complaint before the justice of the peace, in which the description of the premises is this: "Three and one-half acres off of the west half of the northwest quarter of section eleven," etc.—the particular location of the tract being in no manner defined or indicated. This description was clearly insufficient, and, unless amended, the court committed no error in dismissing the case. The transcript of the proceedings before the justice contains an entry which recites that the plaintiff "amended his complaint by giving a more particular description of the real estate;" but of the complaint as amended and as transmitted with the other papers to the clerk of the circuit court, the record contains no copy. As all presumptions must be indulged in favor of the action of the court, when the record is silent, it must be presumed that the complaint was so far defective as to justify the order of dismissal.

The amended complaint which was afterwards filed and stricken out, and the motion to strike it out, are not in the record in such a way as to present any question. Copies of this complaint and motion are given in connection with the order-book entries of the filing and of the ruling of the

court, and the bill of exceptions contains references to these copies. But it has been often decided that a pleading which the court has ordered stricken from the files is not a part of the record unless made so by bill of exceptions or by an order of the court. *Horn* v. *Bray*, 51 Ind. 555 (19 Am. R. 742); *Berlin* v. *Oglesbee*, 65 Ind. 308, and cases cited. And the rule of practice is equally well settled that a document referred to in a bill of exceptions with a (here insert) must be copied at the place indicated, unless it is already a proper part of the record as copied at another place; when, instead of making a second copy, the clerk may refer to the copy already given. Buskirk Prac. 151-3, and cases cited. *Douglass* v. *State*, 72 Ind. 385; *Colee* v. *State*, 75 Ind. 511.

Judgment affirmed.