Crumley *et al. v.* Hickman *et al.*

Filed Jan. 3, 1884.

---

No. 10,700.

CRUMLEY ET AL. *v.* HICKMAN ET AL.

SUPREME COURT.—*Record.—Motion to Dismiss.—Bill of Exceptions.*—A motion in the circuit court to dismiss an appeal from the board of county commissioners, and affidavits in support thereof, are part of the record only when made so by bill of exceptions or order of court.

SAME.—*Transcript.*—A transcript upon appeal, reserving a question of law on the dismissal of an appeal from the county board, showed the motion and affidavits in support of it, in connection with the entries, but they were omitted in the bill of exceptions, which, at the proper place for them, contained a mere reference to the prior pages of the transcript where they would be found.

*Held*, that the motion and affidavits would not be regarded by the Supreme Court as in the record.

APPEAL BOND.—*Statute Construed.*—Section 1283, R. S. 1881, does not authorize, on appeal from the county board, an appeal bond to be filed in the circuit court, where no bond whatever has been filed with the county auditor.

From the Blackford Circuit Court.

*J. M. Haynes* and *W. H. Carroll,* for appellants.

*J. W. Headington, D. T. Taylor, J. M. Smith* and *J. J. M. LaFollette,* for appellees.

HAMMOND, J.—This case comes to this court on a reserved

Crumley *et al. v.* Hickman *et al.*

question of law growing out of the dismissal by the trial court of the appellants' appeal from certain proceedings, the nature of which does not appear, had before the county board. The appeal was dismissed on the appellees' written motion, supported by two affidavits. The motion and affidavit appear, in the transcript in connection with the order-books entries made by the clerk, but are omitted at their proper place in the bill of exceptions. The clerk there refers to them at the previous pages in the transcript, where they are copied.

The motion and affidavits are not properly in the record. It is provided in section 626, R. S. 1881, that "It shall not be necessary to copy a written instrument or any documentary evidence into a bill of exceptions, but it shall be sufficient to refer to such evidence, if its appropriate place be designated by the words ' here insert.'" The former code contained the same provision. Section 343, 2 R. S. 1876, p. 176. In construing this statute it has been held that where a written instrument properly and legally constitutes a part of the record without being made such by a bill of exceptions or an order of court, and where it has already been copied into the transcript, the clerk is not required to again copy such instrument into the bill of exceptions, but may make the same a part thereof by inserting in the designated place a reference to the page and line of the transcript where the same can be found. But if such instrument does not properly constitute a part of the record, without a bill of exceptions, or an order of court, it has also been held that it is the duty of the clerk in such case, in making a transcript, to insert such instrument at its proper place in the bill of exceptions; otherwise it is no part of the record. *Stewart* v. *Rankin,* 39 Ind. 161 ; *Kesler* v. *Myers,* 41 Ind. 543; *Carver* v. *Carver,* 44 Ind. 265; *Aurora Fire Ins. Co.* v. *Johnson,* 46 Ind. 315; *Kimball* v. *Loomis,* 62 Ind. 201 ; *Colee* v. *State,* 75 Ind. 511 ; *Blizzard* v. *Riley,* 83 Ind. 300.

A motion in the trial court to dismiss an appeal from an inferior tribunal is not a part of the record unless made so by bill of exceptions or an order of court. *Burntrager* v. *Mc-*

*Donald,* 34 Ind. 277; *Meeker* v. *Board, etc.,* 53 Ind. 31; *Scotten* v. *Divilbiss,* 60 Ind. 37.

The motion to dismiss the appeal, and the affidavits filed therewith, not being properly in the record, we can look only to what is contained in the bill of exceptions to ascertain the action of the court relating to the dismissal. The bill of exceptions shows that the court dismissed the appeal for the want of an appeal bond, over the appellants' offer to file such bond with penalty and surety as the court might require. In an appeal from the board of county commissioners an appeal bond is required to be filed to the approval of the county auditor. Section 5773, R. S. 1881. If the bond filed with the auditor is defective in substance or form, or for want of proper approval, the case may not be dismissed for such defect or want of approval, if the appellant, when required by the court to which the appeal is taken, files a sufficient bond to the acceptance of such court. Section 1283, R. S. 1881. But this, as to appeals from county boards, applies only where an appeal bond of some kind was filed with the auditor. It has no application to a case like the present, where, as we may infer from the bill of exceptions, no appeal bond of any kind was filed with that officer.

As the record comes to us we must presume that the action of the court below in refusing the appellants leave to file an appeal bond and in dismissing their appeal was correct.

Judgment affirmed at the appellants' costs.

