Filed Jan. 29, 1895.

———◆———

No. 17,154.

GUSSMAN v. GUSSMAN.

EVIDENCE.—*Transcript of a Former Proceeding.*—*Supreme Court Practice.*—*Record.*—No error is shown to have been committed in respect to a transcript of a former proceeding offered in evidence, even if incompetent, where it does not appear that it was introduced or read in evidence.

SUPREME COURT PRACTICE.—*Record.*—*Motion to Modify Judgment.*—Where a motion to modify the decree is copied into the transcript in connection with the order-book entry thereof, and the bill of ex-

ceptions, instead of setting out the motion, refers to the page of the transcript where the motion is so copied, it is not properly in the record, and no question is presented concerning it.

DIVORCE.—*Alimony.*—*Discretion.*—The trial court has a broad discretion in the matter of awarding alimony and providing for the support and education of children, and the appellate tribunal will not interfere therewith, unless an abuse of discretion clearly appears.

SAME.—*Alimony.*—In awarding alimony, the court may consider the husband's ability to earn money and his income.

From the Huntington Circuit Court.

*J. B. Kenner* and *U. S. Lesh*, for appellant.

*L. P. Milligan* and *S. E. Cook*, for appellee.

McCABE, C. J.—Appellee, Catherine Gussman, was awarded a decree of divorce from appellant on the ground of cruelty and adultery. She was given the custody of their only child, and she was charged with its maintenance, support, and education, until the further order of the court. She was also given a decree for alimony in the sum of $1,400, and no provision was made in the decree for paying the same in installments.

The court overruled appellant's motion for a new trial and his motion to modify the decree, and these rulings are assigned as the only errors.

On the trial, appellee offered in evidence a transcript from the docket of the mayor of Bluffton, Indiana, showing the conviction of appellant upon his plea of guilty of a violation of an ordinance of said city against associating with common prostitutes. Appellant's objection to it was that "it is not a proper record and because the transcript offered is not a proper exemplification of the record sought to be introduced in evidence." In what respect it was improper was not pointed out. It does not appear from the record whether the transcript was read or introduced in evidence or not. No error is shown to have been committed by the court in respect to this transcript.

The motion to modify the decree so as to permit appellant to pay the same by installments is not properly in the record. The clerk has copied the motion into the transcript in connection with the order-book entry thereof, and in the bill of exceptions, instead of setting out the motion, the clerk has referred to the page of the transcript where the motion is so copied. The motion thus copied into the transcript sets out a great many supposed reasons why it should be sustained and why the appellant ought to be allowed to pay the decree in installments. Under the rule declared in the following cases no question is presented concerning this motion. *Norton* v. *State*, 106 Ind. 163; *Crumley* v. *Hickman*, 92 Ind. 388; *Klingensmith* v. *Faulkner*, 84 Ind. 331; *Colee* v. *State*, 75 Ind. 511; *Douglass* v. *State*, 72 Ind. 385.

The remaining question arises on the motion to reduce the amount of alimony to $600.

In awarding alimony it was proper for the court to consider the conduct of appellant towards his wife. *Ifert* v. *Ifert*, 29 Ind. 473.

The evidence justified the court in finding that appellant, by his association with common prostitutes, had communicated to his wife an incurable, loathsome disease; that she had always been a virtuous woman, a kind mother, and an economical wife; that by such disease her health was broken down beyond repair; that she had no property of her own and no way to earn her own living; that she was past forty years of age. The child that was given into her custody was afflicted with a malady that required the most assiduous and disagreeable attention, such as only a mother would render, and she was charged with its support and education, which practically relieved appellant thereof. *Husband* v. *Husband*, 67 Ind. 583; *Ramsey* v. *Ramsey*, 121 Ind. 215; *Hedrick* v. *Hedrick*, 128 Ind. 522 (524).

Gussman v. Gussman.

The appellant was forty-two years of age, hale and hearty, and engaged in an occupation in which he could earn an ample support. His own estimate of his property was fifteen hundred and fifty dollars, while others put it four to five hundred dollars more. There was also evidence tending to show that appellant had squandered upon lewd women a large amount in the year or two preceding the trial, equal to the amount of alimony allowed, if not more. If the court had sustained appellant's motion and reduced the alimony to $600, and had ordered appellant to pay $800 to appellee for the support of the child, it would hardly be claimed that it was an abuse of the discretion vested in the court.

A very broad discretion is given to the trial court in the matter of awarding alimony, and providing for the support and education of children, and the abuse of that discretion must be very clear, indeed, to justify this court in interfering with its exercise. *Powell* v. *Powell*, 53 Ind. 513; *Peck* v. *Peck*, 113 Ind. 168; *Hedrick* v. *Hedrick, supra.*

In awarding alimony, the court may consider the husband's ability to earn money and his income. *Hedrick* v. *Hedrick, supra;* 1 Am. and Eng. Encyc. of Law, 485.

Under the circumstances of this case, and in the light of these authorities, we are unable to say that an abuse of the court's discretion has been made to appear with that degree of clearness which would require this court to interfere.

The judgment is affirmed.

Filed Feb. 27, 1895.