Seston *et al. v.* Tether *et al.*

---

SESTON ET AL. *v.* TETHER ET AL.

[No. 17,653.   Filed June 9, 1896.]

APPEALS.—*Bill of Exceptions.—Documentary Evidence How Made Part Of.*—Where a written instrument does not constitute a part of the record without a bill of exceptions or order of court, such instrument should be inserted at its proper place in the bill of exceptions or it will not be a part of the record.

SAME.—*Bill of Exceptions.—Receipts.*—Bills of exception are not mere abstracts of evidence, but are required to present the full evidence, and the clerk has no authority to substitute abstracts of receipts introduced in evidence, but must copy such receipts in full as introduced.

From the Floyd Circuit Court.   *Affirmed.*

*Kelso & Kelso,* for appellants.

*A. Dowling,* for appellees.

HACKNEY, J.—This was a suit in ejectment and for damages, and was instituted by Thomas Seston against the appellees, Thomas Tether and Sarah Tether. While the suit was pending, Thomas Seston died testate, and Lizzie Seston, his widow, and Lizzie Ses-

ton, executrix of his last will, were substituted as plaintiffs. The issue was made by a general denial to the complaint, and a trial resulted in a special finding, conclusions of law, and judgment in favor of the appellees. Upon motion and undertaking by said executrix a new trial as of right was granted to her, and a second trial was had, resulting in a verdict and judgment in favor of the appellees and against each of the appellants, without question as to whether Lizzie Seston had obtained a new trial. Separate motions, by the appellants, for a new trial for cause, were thereupon filed and overruled, and such rulings alone are assigned as error in this court.

The questions here discussed arise upon the evidence and certain instructions, the correctness of which depend upon the evidence.

The objection is made by the appellees that we can not entertain these questions for the reason that the evidence is not all in the record by the bill of exceptions.

In the bill of exceptions are several statements of the introduction in evidence of documents, namely: a deed executed by a commissioner, the record of the probate of the will of Thomas Seston, certain tax receipts offered and read by the appellees, and certain tax receipts offered and read by the appellants. In each instance the document is not copied into the bill at the point where it appears to have been read, but at such points are statements that such documents will be found at pages of the transcript given by numbers and followed with "(here insert.)" Following the bill of exceptions, and on the pages of the transcript so indicated by numbers, are copied by the clerk a commissioner's deed to Thomas Seston, the will of Thomas Seston, and the probate thereof, and two statements, one consisting of fourteen items and one

consisting of ten items, each item of which is of the character following: "State and county tax. Second installment, 1884, $9.00." On the margin of the transcript, opposite one of the statements, is the following: "Amount of taxes paid by def'ts, as shown by tax receipts referred to on page 143 of transcript," and on the margin opposite the other statement is the following: "Tax rec'ts, referred to on page 144 of transcript." The two statements mentioned are probably the results or abstracts of the numerous tax receipts introduced in evidence by the parties.

Appellant's learned counsel seek to defend this condition of the record by the citation of R. S. 1894, section 638, and *Cincinnati, etc., R. R. Co.* v. *Butler,* 103 Ind. 31. The statute cited provides that, "It shall not be necessary to copy a written instrument or any documentary evidence into a bill of exceptions, but it shall be sufficient to refer to such evidence, if its appropriate place be designated by the words 'here insert.'" Of this provision it was said in *Crumley* v. *Hickman,* 92 Ind. 388: "The former code contained the same provision. Section 343, 2 R. S. 1876, p. 176. In construing this statute it has been held that where a written instrument properly and legally constitutes a part of the record without being made such by a bill of exceptions or an order of court, and where it has already been copied into the transcript, the clerk is not required to again copy such instrument into the bill of exceptions, but may make the same a part thereof by inserting in the designated place a reference to the page and line of the transcript where the same can be found. But if such instrument does not properly constitute a part of the record, without a bill of exceptions, or an order of court, it has also been held that it is the duty of the clerk in such case, in making a transcript, to insert such instrument at its

proper place in the bill of exceptions; otherwise it is no part of the record."

To the same effect are *Douglass* v. *State*, 72 Ind. 385; *Colee* v. *State*, 75 Ind. 511; *Klingensmith* v. *Faulkner*, 84 Ind. 331; *Board, etc.,* v. *Karp*, 90 Ind. 236; *Cottrell* v. *Aetna Life Ins. Co.*, 97 Ind. 311; *Lewis* v. *Godman*, 129 Ind. 359; *Seymour, etc., Co.* v. *Brodhecker, Treas.*, 130 Ind. 389; *Gussman* v. *Gussman*, 140 Ind. 433.

In *Klingensmith* v. *Faulkner, supra,* it was said: "And the rule of practice is equally well settled that a document referred to in a bill of exceptions with a (here insert) must be copied at the place indicated, unless it is already a proper part of the record as copied at another place; when, instead of making a second copy, the clerk may refer to the copy already given." See also Elliott App. Proced., sections 818 and 819.

The decision in *Cincinnati, etc., Co.* v. *Butler, supra,* did not modify the rules declared in the foregoing cases. It rather supports them in the declaration that when the document is properly identified it should be inserted at the point indicated by the "(here insert.)"

As to the abstracts of the receipts, substituted for copies of the receipts introduced in evidence, there can certainly be no authority having the slightest tendency to support the practice adopted. Bills of exception are not mere abstracts of evidence, but are required to present the full evidence, and the clerk has no authority to state his version of evidence introduced, but must copy it as it was introduced.

No question is properly presented by the record, and the judgment of the circuit court is affirmed.