## MOSES WOODMAN *versus* WILLIAM H. SMITH.

Where the premises in a deed were described as the "north half of the double dwellinghouse, situate," &c., "together with the land under the same, and the *land used with it* and belonging thereto, and all out buildings and fences thereon and thereto belonging, being the same premises *heretofore* occupied by me as a dwellinghouse; and there was a barn connected with the house, which had previously been occupied by the grantor; *Held,* —

1. That the words "belonging thereto" refer to the house and *not* to the grantor.

2. That the words "out buildings thereon," mean the out buildings on "the land used with" the house;

3. That the barn was one of the out buildings; and

4. That the deed conveyed the barn and the land on which it stood.

ON REPORT from *Nisi Prius,* APPLETON, C. J., presiding. The facts sufficiently appear in the opinion.

*George P. Sewall*, for the plaintiff.

*J. A. Peters*, for the defendant.

APPLETON, C. J., — On the 9th Jan. 1858, the defendant conveyed by deed of warranty "the north half of the double dwellinghouse erected by S. & W. H. Smith, and situated on the west side of Church street, in the village of Oldtown, together with the land under the same, *and the land used with it* and belonging thereto, and *all out buildings and fences thereon and thereto belonging* being the *same* premises *heretofore occupied* by me as a dwellinghouse."

At the date of this deed there was a barn connected with the house, which had previously been used and occupied by the grantor. The plaintiff, upon receiving his deed, entered into the possession and occupation of the barn, from a portion of which he has been evicted by due process of law by one having an elder and better title.

The question is whether the deed of the defendant conveyed the *out buildings*, if so, as the plaintiff has been evicted of part of the barn, the former would be liable upon his covenants.

The barn was one of the out buildings. It had been used with and belonged to the house, with which it was connected. It had been previously occupied by the defendant. "The land used with it and *belonging thereto*," refers to the house, not to the defendant. The out buildings *thereon* are out buildings on "the land *used with* it, i. e. the house. If the phrase "belonging thereto," meant land belonging to the defendant, then, if he had no title and the covenant was as to what he owned, and not as to what he did *not*, the warranty would be useless and unavailing, just precisely where it was needed for the protection of the grantee. A warranty of land of what a man owns does no good. The title being good is enough. The need of the warranty is when the grantor does not own the land conveyed.

The words "belonging thereto" do not refer to an indi-

vidual to whom the land belongs, but to the house to which it belongs.

A conveyance of a dwellinghouse and out buildings "belonging thereto" conveys the out buildings upon precisely the same principles by which it is held to convey the dwellinghouse. In *Davis* v. *Handy*, 37 N. H., 65, it was held that, under a description of a "ropewalk" in a deed, such land of the grantor will pass as is exclusively devoted to the use of the ropewalk. In *Wooley* v. *Groton*, 2 Cush., 305, it was decided that, by the grant of a town pound, the land on which the same stood was conveyed, not as appurtenant but as part of the subject matter. In *Johnson* v. *Rayner*, 6 Gray, 107, the conveyance was of a house and land and "also a well of water, with the curbs, pumps," &c., It was held to pass a fee in the land occupied by the well. "In this respect," observes BIGELOW, J., "it (the well) does not differ from the term 'house,' or 'barn,' or 'mill,' or 'cottage,' or 'wharf,' all of which are familiar instances of a conveyance of a fee in land by a general term of description, applicable only to the purpose for which the land is used at the time of the grant." So, by the grant of a mill, the land under it passes. *Whitney* v. *Olney*, 3 Mason, 284. "The grant of a messuage, or house, and all lands thereunto appertaining, will pass all lands usually occupied therewith." 2 Washburn on Real Property, B. 3, c. v, § 34.

The conclusion to which we have arrived is, that the defendant, by his deed, conveyed the barn and the land on which it stood, and, not having a title to but part of the land, he is liable on his covenants. Such, too, seems to have been the view of the defendant in this respect, for he testifies that he supposed he owned the land under the barn and intended to sell the same.

*Defendant defaulted, and to be held in damages,*
*according to the agreement of the parties.*

CUTTING, KENT, WALTON, DICKERSON, BARROWS and DANFORTH, JJ., concurred.