*W. A. Peelle* and *H. C. Fox,* for appellee.

———————●———————

## Turnbull and Another *v.* Ellis.

INTERLOCUTORY INJUNCTION.—*Appeal.*—*Affidavit.*—On an appeal from an interlocutory order of injunction, affidavits read on the hearing form no part of the record, and cannot be considered, unless preserved by a proper bill of exceptions.

APPEAL from the Elkhart Common Pleas.

DOWNEY, C. J.—Ellis, Turnbull, and Griffin entered into a contract of copartnership in the business of manufacturing

wagon materials and wood work generally, at the city of Goshen, for a term of five years from the 31st day of October, 1868.

On the 31st day of May, 1870, this action was brought by Ellis against Turnbull and Griffin. He alleges in his complaint, among other things, that Turnbull and Griffin have quit the business of said partnership; have made, and are making, arrangements to begin and prosecute, in the city of Laporte, Indiana, the same business which they are bound with the plaintiff to carry on in Goshen, intending to supply the trade and customers of the Goshen concern from the new manufactory at Laporte; that the defendants are the practical workmen of the firm, the plaintiff not being a mechanic, and not being able to carry on the business without their skill therein; that the defendants have secretly collected money of the firm, to the amount of four thousand six hundred dollars, which they have applied, or are about to apply, in the said business at Laporte, permitting the said firm at Goshen to be sued for an indebtedness which they should have paid with said money; that unless restrained, he is afraid the defendants will collect and apply to their own use other moneys of the firm; that the damage to him from the breaking up of said concern at Goshen, and the establishing of said business at Laporte, will be irreparable by any rule of law.

Prayer, that the defendants be enjoined from investing or engaging in said business at Laporte, or elsewhere than at Goshen in connection with plaintiff, during the term of said partnership, or until said firm shall have been lawfully dissolved, and from investing said money of said firm in such business; that they be enjoined from collecting the moneys, rights, &c., due said firm, or from mortgaging, pledging, or incumbering the same, or using the name, credit, or means of the firm, until they shall have accounted for and surrendered, for the use of the firm, all moneys collected by them, as well as moneys, claims, credits, and assets in their possession or under their control.

On this complaint, and affidavits in support of it and against it, the judge granted an injunction, by which the defendants were enjoined, until the next term of his court, and until the further order of the court, or of the judge, from in any manner meddling, interfering, or participating in the management of the business affairs of the firm, and from collecting or receiving any of the moneys, claims, or demands belonging or owing to said firm, from using the name or credit of the firm, from disposing of, selling, pledging, incumbering, mortgaging, or removing any of the property, goods, and chattels, credits or moneys of said firm, except with the consent of Ellis; and from using the money, means, or property of the firm, and any means raised by them, or either of them, by collecting or discounting the paper, bills, claims, or credits of said firm in the prosecution or aid of any other business than the business of said firm; and particularly from using or continuing to use the sum of four thousand six hundred dollars, or thereabouts, collected by them, as charged in the complaint, &c.; and from personally engaging or aiding in the prosecution of the business of the Laporte company, or any other occupation, business, or enterprise, except the business of said firm, until they shall have restored and surrendered said sum of four thousand six hundred dollars to the possession and proper use of said firm, or paid out the same upon the just debts of said firm, which they are authorized to do.

The defendants appealed from this interlocutory order, and have assigned for error the restraining the defendants from engaging in business at Laporte, and making the order enjoining them from personally engaging in or aiding in the prosecution of the business of the Laporte wheel company, or any other occupation, business, or enterprise, except the business of said firm of Turnbull, Griffin & Ellis, until they should have restored and surrendered said sum of four thousand six hundred dollars to the possession and proper use of said firm, or paid out the same upon the just debts of the said firm.

There is no bill of exceptions in the record showing upon what evidence the court acted in · granting the injunction. The clerk has copied into the transcript several affidavits filed in his office, and the judge, in the order of injunction, says that affidavits were before him on the hearing, introduced by each party, but they are not set out in a bill of exceptions. There is nowhere any exception to the ruling of the court; nor was there, so far as we have been able to find, any objection made to the form of the order or judgment of the court. It is impossible for us to review the case upon a record thus made up.

The judgment is affirmed, with costs.* ·

*J. B. Niles* and *W. Niles*, for appellants.

*W. A. Woods*, for appellee.

*Petition for a rehearing overruled.