—————o—————

## GOULD v. HOUSE ET AL.

PRACTICE.—*Injunction.*—*Assignment of Error.*—*Bill of Exceptions.*—Where a complaint asked affirmative relief from an order of court, and also a temporary injunction restraining proceedings under the order, and thereupon a temporary injunction was granted; and afterward, on sustaining a demurrer to the complaint, and after granting leave to amend the complaint, the injunction was dissolved; and an appeal was taken from the order dissolving the injunction;

*Held*, that the sustaining of the demurrer to the complaint could not be assigned for error on the appeal.

*Held*, also, that if the sustaining of the demurrer did not of itself make it proper for the court to order a dissolution of the injunction, still, there being no bill of exceptions in the record showing upon what ground the court acted in making the order dissolving the injunction, this court could not decide whether any error was committed or not.

APPEAL from the Johnson Circuit Court.

DOWNEY, J.—Almeda Gould, the appellant, and her husband, Stephen V. Gould, were the owners of certain real estate in Shelby county. Her husband died, thus leaving her the sole owner of the land by survivorship. He left a

will, in which he gave her his real and personal estate on certain conditions. The executor applied to the Shelby Common Pleas for authority to sell the lands of the deceased, being or including that owned by them jointly. She consented to the sale of it, and its sale was ordered by the court. Lancaster, one of the appellees, became the purchaser of part of the real estate, but before the sale of the residue of it, the appellant instituted an action in the Shelby Circuit Court, to set aside the order of the common pleas court, authorizing the sale, her consent thereto, and the sale to Lancaster, on the ground that she had been by fraud induced to give such consent, in ignorance of her title to said land. In connection with this action a restraining order or temporary injunction was granted to suspend proceedings under the order of the common pleas until the further order of the circuit court. A change of venue was then granted on the application of the defendants to the Johnson Circuit Court. In that court, after some other steps in the case, a demurrer to the complaint was sustained, and leave granted to amend the same. The court also made an order dissolving the restraining order or injunction. From the order dissolving the restraining order or injunction this appeal was taken, leaving the cause still pending in the Johnson Circuit Court.

The appellant has assigued for error the sustaining of the demurrer and the dissolving of the injunction.

The sustaining of the demurrer cannot be assigned for error under the circumstances, because there was no final judgment in the case.

The dissolving of an injunction in term is an order from which, by express statutory provision, an appeal may be taken to this court. 2 G. & H. 277, sec. 576. But if the sustaining of the demurrer to the complaint did not of itself make it proper for the court to order a dissolution of the injunction, we are unable to decide, in this case, whether the order was or was not properly made, for the reason that there is no bill of exceptions in the record showing upon what ground the court acted in making the order. Unless we

had before us the evidence on which the court acted we could not say whether there was any error committed or not. We cannot assume that the court acted upon the complaint alone. See *Turnbull* v. *Ellis*, 35 Ind. 422.

The judgment dissolving the restraining order is affirmed, with costs.

*M. M. Ray*, *K. M. Hord*, and *A. Blair*, for appellant.
*A. Major*, *S. Major*, and *B. F. Love*, for appellees.