## CARVER ET AL. *v.* CARVER.

RECORD.—*Affidavits.—Injunction.*—Affidavits read upon the hearing of an application for a temporary injunction do not constitute a part of the record; and where the clerk in making up the transcript copies such affidavits and, in copying the bill of exceptions, refers to the part of the transcript where the affidavits may be found, but does not insert them in the bill of exceptions, this does not make them a part of the record.

SAME.—*Supreme Court.*—In the absence of the evidence upon which a temporary injunction has been granted, the Supreme Court will presume in favor of the action of the lower court thereon.

From the Madison Circuit Court.

*W. R. Pierse* and *H. D. Thompson*, for appellants.

*M. S. Robinson*, for appellee.

BUSKIRK, J.—This was a proceeding by the appeliee against the appellants, to enjoin them from the commission of waste upon certain real estate. An interlocutory order was granted, to operate until the final hearing of the cause, from which the appeal was taken. The error assigned is the granting of such order. The complaint was verified. The court below, in granting the order, acted upon the sworn complaint and certain affidavits submitted by each party. In the absence of the evidence upon which the court acted, we are bound to presume in favor of the action of the court below. If the affidavits which were read upon the hearing are not in the record, there is nothing for us to review. *Turnbull* v. *Ellis*, 35 Ind. 422.

It is quite certain that the affidavits do not constitute a part of the record. The clerk, in making out the transcript, has copied what purports to be the affidavits which were read, and, in copying the bill of exceptions, he has referred to the page of the transcript where they would be found. This does not make the affidavits a part of the record. The clerk should have inserted the affidavits in the places indicated in the bill of exceptions by the words "here insert." This question has been recently very fully considered, and we will not re-examine the authorities. *Stewart* v. *Rankin*, 39 Ind. 161 ; *Kesler* v. *Myers*, 41 Ind. 543, and the cases there cited.

It results that no question is presented by the record for our decision.

The judgment is affirmed, with costs.