Endsley *v.* The State.

No. 8251.

## ENDSLEY *v.* THE STATE.

CRIMINAL LAW.—*Forcible Detainer.*—*Affidavit and Information.*—*Dwelling-House.*—*Statute Construed.*—In a prosecution by affidavit and information, under section 12 of the act concerning misdemeanors, 2 R. S. 1876, p. 462, the charge of the forcible detention of a "dwelling-house" is equivalent to a charge of the forcible detention of the land on which it stood, as the word "dwelling-house" embraces the land on which it is situated.

BILL OF EXCEPTIONS.—*Practice.*—*Evidence.*—A bill of exceptions purporting to contain all the evidence taken in the cause, but showing that it does not, presents no question as to the sufficiency of the evidence to sustain the verdict.

SAME.—*Written or Documentary Evidence.*—*Writ of Restitution.*—*Judicial Notice.*—*Record.*—*Supreme Court.*—A bill of exceptions recited "that the writ of restitution was then read in evidence, and is in these words and figures, to wit," but such writ was not in the bill, nor its appropriate place designated by the words "here insert;" subsequently, upon a writ of *certiorari*, the clerk certified to the Supreme Court the writ of restitution read in evidence on the trial.

*Held*, that the bill of exceptions did not contain the directions to the clerk required by the statute, and he had no authority to insert therein such writ of restitution.

*Held*, also, that, thus certified, it did not become a part of the record in the Supreme Court.

*Held*, also, that the Supreme Court can not in such case take judicial notice of the contents of such writ of restitution.

From the Shelby Circuit Court.

*J. B. McFadden, J. W. Tomlinson* and *E. S. Stilwell,* for appellant.

*D. P. Baldwin,* Attorney General, *L. J. Hackney,* Prosecuting Attorney, *O. J. Glessner* and *E. K. Adams,* for the State.

MORRIS, C.—Information for forcible detainer. The information states, among other things, that, on the 10th day of April, 1879, the said Henry M. Endsley, at and in the county of Shelby aforesaid, did then and there, with menaces, force and arms, and without authority of law, with clubs and other offensive weapons, unlawfully, violently, forcibly,

injuriously and with strong hand, keep Sarah J. Lewis out of the possession of a certain dwelling-house, situate in said county, of which said Sarah J. Lewis was then and there, and is now, the owner and entitled to the possession; and the said Henry M. Endsley did then and there violently, with menaces and force and arms, without authority of law, and with strong hand, forcibly keep, and still keeps unlawfully and by the means aforesaid, the possession of said dwelling-house.

The appellant made a motion to quash the information and affidavit, which was overruled. The cause was submitted to a jury, who returned a verdict of guilty. The appellant made a motion for a new trial, which was overruled. He then moved in arrest of judgment, which motion was also overruled, and judgment rendered upon the verdict. The rulings of the court upon these several motions are assigned as errors.

It is insisted by the appellant that his motion to quash the information and affidavit, and his motion in arrest of judgment, should have been sustained, for the reason that the word "dwelling-house," as used in the information and affidavit, is not equivalent to the word "land," as used in section 12 of the act defining misdemeanors. 2 R. S. 1876, p. 462.

In the case of *Woodman* v. *Smith*, 53 Me. 79, the court say: "A conveyance of a dwelling-house and out-buildings 'belonging thereto' conveys the out-buildings upon precisely the same principles by which it is held to convey the dwelling-house. In *Davis* v. *Handy*, 37 N. H. 65, it was held that, under a description of a 'ropewalk' in a deed, such land of the grantor will pass as is exclusively devoted to the use of the ropewalk. In *Wooley* v. *Groton*, 2 Cush. 305, it was decided that, by the grant of a town pound, the land on which the same stood was conveyed, not as appurtenant but as a part of the subject matter. In *Johnson* v.

*Rayner*, 6 Gray, 107, the conveyance was of a house and land, and 'also a well of water, with the curbs, pumps,' etc., it was held to pass a fee in the land occupied by the well. * * * So, by the grant of a mill, the land under it passes. *Whitney* v. *Olney*, 3 Mason, 280.'' 3 Washb. Real Prop., p. 483, sec. 34.

The word "dwelling-house" embraced the land on which it stood, and the charge of its forcible detention was equivalent to a charge of the forcible detention of the land on which it was standing. We think, therefore, that the motions to quash the information and affidavit, and in arrest of judgment, were properly overruled.

The ground upon which it is urged that the court erred in overruling the motion for a new trial is, that the evidence does not sustain the verdict.

There is a bill of exceptions in the record, purporting to contain all the evidence, but it appears upon the face of the bill that it does not. It is stated in the bill of exceptions, that "the writ of restitution was then read in evidence, in the words and figures following, to wit." The writ thus read in evidence is not copied into the bill of exceptions at all. All the evidence cannot therefore be said to be in the record, where it thus appears upon the face of the bill of exceptions that it does not contain all the evidence. *Morrow* v. *The State*, 48 Ind. 432 ; *Sidener* v. *Davis*, 69 Ind. 336 ; *Kimball* v. *Loomis*, 62 Ind. 201 ; *The Aurora Fire Ins. Co.* v. *Johnson*, 46 Ind. 315 ; *The Columbus, etc., R. R. Co.* v. *Griffin*, 45 Ind. 369 ; *The State, ex rel.*, v. *The President, etc.*, 44 Ind. 350 ; *Griffin* v. *Ransdell*, 71 Ind. 440. Upon such a bill of exceptions no question can be raised as to the sufficiency of the evidence to sustain the verdict.

Exceptions were taken during the trial to the admission of evidence on the part of the State, and to the refusal to admit evidence offered by the appellant, but as no argument

is submitted by the appellant upon these points, they must be considered as waived.

The judgment below should be affirmed.

PER CURIAM.—It is ordered upon the foregoing opinion, that the judgment below be affirmed, at the costs of the appellant.

ON PETITION FOR A REHEARING.

MORRIS, C.—The appellant earnestly insists that a rehearing should be granted in this case, for the reason that the court, as he contends, overlooked, in deciding the case against him, a material part of the record. If in this he is right, a rehearing should be granted.

The bill of exceptions says: "The writ of restitution was then read in evidence, and is in these words and figures, to wit." The writ is not in the bill of exceptions, nor is its appropriate place designated otherwise than by the words above quoted. In making up the record the clerk did not regard the language above set out, as a direction to him by the court, to copy into the bill of exceptions the writ, and he did not do it. Subsequently, upon a writ of *certiorari*, he certified to this court the writ of restitution read in evidence on the trial of the cause. Did the writ, thus certified, become a part of the record?

It is provided by sec. 343 of the code, that "It shall not be necessary to copy a written instrument or any documentary evidence into a bill of exceptions; but it shall be sufficient to refer to such evidence, if its appropriate place be designated by the words 'here insert.'"

Aside from this provision, the bill of exceptions would have to contain all the evidence, both oral and written. It is only by complying with the statute, that the clerk can be authorized to insert in the bill of exceptions documentary evidence referred to in it. This bill of exceptions did not contain the direction to the clerk required by the statute,

and he had no authority, therefore, to insert in it the writ of restitution. The clerk's authority to insert documents in the bill of exceptions depends upon the statute, and unless the court authorize him to copy into the record papers put in evidence upon the trial by the words "here insert," he has no authority to do so. The certified copy of the writ sent up by the clerk with the return to the *certiorari* can not therefore be regarded as a part of the bill of exceptions. The counsel for the appellant insist, with much earnestness, that this construction of the statute is too strict and technical. But we must regard the question as settled. *Douglass* v. *The State,* 72 Ind. 385; *Sidener* v. *Davis,* 69 Ind. 336. In the former case, Judge WOODS says: "The affidavit, on which the appellants based their motion for a change of venue, is not in any proper manner made a part of the record. There is in the record a bill of exceptions which shows that 'the defendants filed their affidavit and motion for a change of venue from the judge in the words and figures, to wit:' and here follows this statement, which was perhaps inserted by the clerk, though it is not signed by him, viz.: 'Which affidavit and motion are inserted on pages four and five of this record.' No 'here insert' is shown in the bill at this point."

In the latter case, BIDDLE, J., says: "By section 343, it is made unnecessary to copy a written instrument or any documentary evidence into a bill of exceptions, 'if its appropriate place be designated by the words "here insert;"' but in this case there is no such place designated wherein the evidence should be copied, and no reference in the bill of exceptions to the evidence thus omitted in any other part of the transcript. There is no authority, therefore, in the bill of exceptions, by which the clerk can copy therein the omitted evidence."

The language of the bill of exceptions, "in the words and figures following, to wit," can not be understood as a direc-

tion to the clerk. They imply that the judge intends to insert the instrument in the bill of exceptions, and not that the clerk shall do it. The bill of exceptions is the language of the judge who signs it, and the clerk can insert no paper in it unless directed to do so by its language. *Kesler* v. *Myers*, 41 Ind. 543; *Carver* v. *Carver*, 44 Ind. 265; *Aurora Ins. Co.* v. *Johnson*, 46 Ind. 315.

It is also insisted by the appellant that this court will take judicial notice of the contents of the writ of restitution read in evidence in this case. We think this court can not judicially know the contents of the particular writ of restitution put in evidence in the case, because, as the appellant insists, the record shows that it was issued by a justice of the peace, and also shows the subject-matter of the suit and the parties to it. The words "writ of restitution" are not more significant than are the words "warranty deed." It would hardly be contended, that, because the record in a case before this court showed the subject-matter in controversy and the parties to the suit, it could take judicial notice of the contents of a warranty deed read in evidence on the trial, and shown to have been executed by one of the parties to the other. The contents of the deed and of the writ can only be determined by the instruments themselves.

The petition for a rehearing ought to be overruled.

PER CURIAM.—The petition for a rehearing is overruled.