# Kimbrell *v.* Rogers.

*Bill in Equity for Foreclosure of Mortgage.*

1. *Limitation of appeal.*—When an appeal is claimed within the statutory period (Code, § 3619), and security for the costs is lodged with the clerk or register, the right of appeal is perfected, without regard to the issue or service of a citation.

2. *What is final decree.*—Under a bill for the foreclosure of a mortgage, the existence of any indebtedness being denied, a decree which declares that the complainant is entitled to relief, and has a lien on the land for any balance that may be found due on a statement of the account by the register, which is ordered, is interlocutory only; and the decree which, on the coming in of the register's report ascertaining the balance due, confirms the report, and orders a sale of the land for the satisfaction of the indebtedness, is the final decree.

3. *Assignments of error, on appeal from final decree.*—On appeal from the final decree in a chancery cause, errors may be assigned on all previous interlocutory decrees, but not on orders or decrees subsequently rendered, such as awarding a writ of assistance, or confirming the register's report of sale.

4. *Husband and wife as parties to bill.*—Since the passage of the statute now in force, February 28th, 1887 (Code, §§ 2341–51), the husband is not a necessary party defendant to a bill which seeks to charge or subject property belonging to the wife's separate estate; but, when the bill seeks to foreclose a mortgage on lands, in which the wife joined with her husband, in the form required for her relinquishment of dower, she is properly joined as a defendant, in order to bar her rights.

5. *Description of lands in mortgage.*—A mortgage conveying "the following described tract or parcel of land, to wit, the property known as Kimbrell's grist and saw mill and gin, together with all the privileges and appurtenances belonging thereto," is sufficient to convey two acres of land, on which the mill and gin were situated, which had always been used in connection therewith, and shown to be necessary to the enjoyment thereof.

6. *Adverse possession by widow, as against heirs.*—When a widow remains in possession of her husband's lands, her dower not having been assigned, holding in recognition of the title of the heirs, and claiming only as widow, she can not assert a title by adverse possession against an alienee or grantee of the heirs.

7. *Errors prejudicial to some of appellants only.*—When the final decree in a chancery cause injuriously affects the rights or interests of some of the defendants only, but they all jointly appeal, and join in the assignment of errors, such errors are not available to work a reversal: the parties injured should assign errors separately as to those matters.

APPEAL from the Chancery Court of Marengo.

Heard before the Hon. THOS. W. COLEMAN.

The bill in this case was filed on the 26th March, 1887, by William D. Rogers against Roland Kimbrell and his wife, Mrs. Sallie Kimbrell; and against Edward B. Rentz, Richard E. Rentz, and Mrs. Alice McGehee, a married woman, who were the children of Mrs. Kimbrell by a former husband; and sought to foreclose a mortgage which said Kimbrell and wife had executed to the complainant. The mortgage was dated August 7th, 1883, and purported to secure an indebtedness of said Kimbrell and wife to Rogers, evidenced by several promissory notes, aggregating $700; and it was signed and regularly acknowledged by Kimbrell and his wife. The property conveyed by the mortgage was therein described as follows: " The following described tract or parcel of land, to wit: the

property known as Kimbrell's grist and saw mill and gin, to-
gether with all the privileges and appurtenances belonging
thereto, situate, lying and being in the county of Marengo."
The bill sought to condemn, as the property conveyed, two
acres of land on which the mill and gin were erected, particu-
larly described by metes and bounds, on the ground that they
were "ordinarily used in connection therewith, and are neces-
sary to its proper use."

The mill was built on a tract of land containing about 133
acres, which had belonged to Benjamin Rentz, who was the
first husband of Mrs. Kimbrell, and who was killed at the
battle of Chickamauga, in September, 1863; the other defend-
ants being their children. At the time of the death of said
Benjamin Rentz, his wife and infant children were living on
the tract of land, and they continued afterwards to occupy it
as a homestead; but there was no allotment of a homestead,
nor any assignment of dower to the widow. In 1867 Mrs. Rentz
married said Roland Kimbrell, and he built the mill and gin
a year or two afterwards, occupying the land with his wife
and her children. On the 12th April, 1880, the three chil-
dren, E. B., R. E. and Alice Rentz, the latter being then a
minor, conveyed their interest in the tract to said Roland
Kimbrell, by deed duly acknowledged on the same day, which
was in these words: "Know all men by these presents, that
in consideration of the sum of $60 to us in hand paid by R.
Kimbrell, the receipt whereof is hereby acknowledged, we do
grant, bargain, sell and convey to said Roland Kimbrell, the
following described real estate, containing 133¾ acres," describ-
ing it; "to have and to hold to the said R. Kimbrell, his heirs
and assigns forever. Witness our hands and seals," &c. Dur-
ing the year 1880 Kimbrell formed a partnership with W. D.
Rogers, the complainant, in carrying on the business of the
mill and gin; and on the dissolution of the partnership in
August, 1883, the notes and mortgage were given to secure
the balance ascertained to be due to complainant.

The defendants jointly demurred to the bill, on the grounds,
(1) that Mrs. Kimbrell was improperly joined as a defendant,
and (2) that the husband of Mrs. Alice McGehee was a neces-
sary party; but the chancellor overruled the demurrer, on each
ground. Separate answers were filed by the defendants.
Kimbrell and wife denied any indebtedness to Rogers at the
time the notes and mortgages were executed, and assailed
their validity on the ground of fraud and misrepresentation on
the part of Rogers; and each denied that the mortgage was in-
tended to convey any part of the land. Kimbrell asserted
that he had no interest in the land, and intended only to con-

vey the mill and appurtenances which he had erected; and Mrs. Kimbrell alleged that she refused to sign the mortgage until assured by the justice of the peace, before whom it was acknowledged, that it did not convey any land whatever; " that no land was mentioned on it;" and she also alleged that she had been in possession of the land, under claim of ownership, since September, 1863; and pleaded her coverture in defense against any personal liability on the notes. The other defendants, in their answers, each asserted their mother's possession of the land, and claim of ownership, from their earliest recollection; and as to their said conveyance to R. Kimbrell, dated April 12th, 1880, alleged that it was without consideration, and that it was procured at the instance of the complainant, who was then scheming to get the property; and Mrs. Alice McGehee alleged that she was a minor when she signed the instrument.

On hearing on pleadings and proof, the chancellor rendered a decree, January 18th, 1888, " that the complainant is entitled to relief, and has a lien upon the property described and conveyed by the mortgage, and is entitled to have said property sold to satisfy his said debt, or the balance due thereon;" and he ordered an account to be stated by the register, to ascertain the balance due. On the 28th March, 1888, the register having made his report, showing a balance of $647.18 due to complainant, the chancellor confirmed the report, and rendered a decree for the sale of "the following parcel of land," describing it by metes and bounds, " containing two acres, more or less, with the mill located thereon, and all the privileges and appurtenances unto said mill belonging." From this decree the present appeal was prosecuted, by all of the defendants jointly, and they here assigned it as error, together with the decree on the demurrer to the bill, and the decree of January 18th, 1888. The appeal was sued out March 28th, 1889.

The record shows, also, that the register sold the land on the 4th June, 1888, the complainant becoming the purchaser, at the price of $500, which he paid to the register; that the complainant, as purchaser, made application for a writ of assistance, the defendants having refused to surrender the possession on demand; that the chancellor granted the writ, by order dated July 2d, 1888, against the objections of the defendants; and that on the 16th October, 1888, the register's report of the sale was confirmed, the defendants' exceptions thereto being overruled, and a personal decree was rendered against R. Kimball for $333.37, the balance due on the decree with costs, after deducting the proceeds of sale. Errors were assigned on each of these decrees;

but the appellee submitted a motion to strike them out, and also to strike out the assignments founded on the decree. of January 18th, 1888.

EUGENE McCAA, for appellants.

TAYLOE & JOHNSTON, *contra.*

McCLELLAN, J.—The decree appealed from was rendered on the 28th day of March, 1888. The respondents below prayed the appeal, and executed security for the costs thereof, on the 28th day of March, 1889. The undertaking to secure costs was approved and filed in the office of the register on that day. The citation of appeal was not issued, however, until the following day, March 29th, 1889; and not served until April 2d, 1889. Upon this state of facts, it is insisted that the appeal was not taken within a year from the rendition of the decree, is consequently barred by the statute, and that appellee's motion to strike out the assignment of errors should be granted.

We can not concur in this view. An appeal is "taken," within the meaning of our statute, when the party desiring to prosecute it has complied with the conditions upon which the law gives the right. The only condition precedent in this case was the filing with the register, within one year from the rendition of the decree, a sufficient undertaking to secure costs. This was done, and the right fully perfected within the time limited. Whatever else remained to be done, in effectuating a review of the case by this court, depended upon the discharge of duty by a public officer, and not upon any act of the appellants. The appeal having been taken on March 28th, it became the register's duty to cite appellee to its defense in this court, and make out and file here a transcript in the cause. The citation is no part of, nor does it constitute any step in, taking the appeal. Section 3631 of the Code demonstrates that it issues only after the appeal has been taken, and accomplishes its office, if it carries notice of the appeal to the appellee ten days or more before the day on which the appeal is returnable. The duty of the officer is fully performed, if the citation is issued in time to accomplish this purpose, as was done in this case.—*Moore v. Spier*, 80 Ala. 129.

The decree from which the appeal is prosecuted, was the final decree in the cause. That of January 18th, 1888, was interlocutory. It adjudged that complainant was entitled to relief; that he had a lien on the land for the payment of any sum still due on the note and mortgage; and that for the sat-

isfaction of such balance he was entitled to have the land sold. Whether there was anything due on the mortgage, was a disputed question in the case. The indebtedness claimed was denied by the answer of R. Kimbrell. The issue thus presented involved one of the equities upon which complainant's right to relief depended. This issue of indebtedness *vel non* was not determined by the decree of January 18th, but was by that decree referred to the register, and the essence of the relief prayed—the sale of the land for the satisfaction of the mortgage—could not be, and was not granted, until after the coming in of the register's report, ascertaining indebtedness under the mortgage; the confirmation thereof, and the decree of sale of March 28th, 1888.—*Garner v. Pruitt*, 32 Ala. 13. The January decree was, therefore, interlocutory—it did not settle all the equities between the parties, nor fully adjudge the relief for which complainant prayed. That of March was final, and the appeal brings it and all previously rendered interlocutory decrees up for review.— *Walker v. Crawford*, 70 Ala. 567.

There was no error in the decree overruling demurrers for non-joinder and misjoinder of parties. Under the act of February 28, 1887, which was of force when the bill in this case was filed, the husband was not a necessary party defendant to a bill filed against a married woman, seeking to subject or charge her separate estate.—*Marshall v. Marshall*, 86 Ala. 383. The theory of the bill is, that the lands embraced in the mortgage belonged to Roland Kimbrell. The conveyance having been executed by his wife, in the manner prescribed by the statute for the relinquishment of her inchoate right of dower, she was a proper party defendant to the suit to foreclose the mortgage, and cut off that right by a sale of the fee. *Sims v. Nat. Com. Bank*, 73 Ala. 248; *McGehee v. Lehman, Durr & Co.*, 65 Ala. 320.

The mortgage in terms conveys "the following described tract or parcel of land, to-wit: the property known as Kimbrell's grist and saw mill and gin, together with all the privileges and appurtenances belonging thereto, lying in Marengo county," &c. It was in evidence, that two acres of land, upon which the mill and gin were situated, had always been used in connection therewith, and was necessary to the enjoyment thereof. This land, we think, is embraced in the descriptive words of the conveyance, as "the tract or parcel of land known as the Kimbrell grist and saw mill and gin property." But, were this otherwise, the land manifestly is appurtenant to the mill and gin, and essential to their reasonable use; and while, ordinarily, land can not be said to pass as appurtenant to land,

if the land expressly granted does not admit of reasonable enjoyment without certain adjacent land, which has been constantly used with the land granted, it will also pass.— *Woodman v. Smith*, 53 Me. 81; *Biddle v. Littlefield*, 53 N. H. 508; *Voorhees v. Burchard*, 55 N. Y. 102; *Esty v. Currier*, 98 Mass. 502; *Allen v. Scott*, 21 Pick. 25.

The contention of appellants, that the mortgage is void, proceeds upon the assumption, that the land in controversy belonged to the statutory separate estate of Mrs. Kimbrell. The proof fails to support this assumption. On the contrary, there is no dispute but that the property belonged to her first husband, and passed to his heirs, who are defendants to this bill. Her claim to have acquired title by adverse possession, can not be allowed. The evidence is free from conflict, that she at no time claimed to hold otherwise than as the widow of Benjamin Rentz, and in recognition of the title of his heirs. Her only right, therefore, was to have dower assigned out of the land, and to occupy it until that could be done. This right lies in action only, and constitutes no estate in the premises. *Reeves v. Brooks*, 80 Ala. 26.

Whether her right to dower was barred by the lapse of twenty years from the date at which it might have been asserted (*Barksdale v. Garrett*, 64 Ala. 280), or whether, if still subsisting, it was, or could have been made, available in resisting the present bill, are questions which are not presented by this record, as will be seen further on, in such way as that we can consider them.

The land in controversy was sold and conveyed, in April, 1880, by the heirs of Benjamin Rentz, deceased, to the respondent, Roland Kimbrell. Two of the three grantors in that conveyance were of full age at the date of its execution. The third, Alice Rentz, now Alice McGehee, was a minor. That part of the purchase-money which belonged to the adults was paid. This deed, it is very clear, vested all the right, title and interest of the adult heirs in the respondent, Roland Kimbrell. The mortgage executed by the latter and his wife, it is equally clear, passed all his estate in the land conditionally, into the complainant. The decree foreclosing the mortgage, and ordering a sale of the land for its satisfaction, is certainly free from any taint of error which could prejudice or impair any right or interest of the adult heirs or their grantee, the defendant, Kimbrell. The plaintiff was, beyond question, entitled to have their interests foreclosed, and their estates in the property subjected to the payment of his debt. It may be conceded, that the undivided one-third interest of Alice McGehee did not pass by the deed of 1880 to Roland Kimbrell, because

[Kimbrell v. Rogers.]

of her disability of infancy, which is pleaded in this case, and that, of consequence, this interest did not pass by the mortgage to the complainant. It may also be conceded, without affecting the result of this appeal, that there was some outstanding property right in Mrs. Kimbrell, resulting from her survivorship of her first husband, which the mortgage was not efficient to convey. And as a deduction from these concessions, the decree may be admitted to be erroneous, in that it forecloses and orders to be sold the property rights of Alice McGehee and Mrs. Kimbrell. Yet, manifestly, the error in this regard affects only these two respondents. They alone have a right to complain of it, and to ask this court to reverse the action of the Chancery Court by which their rights are prejudiced. The error, if any, is without injury to the other appellants, and no reversal on account of it can be had at their instance.—*Norwood v. M. & C. R. R. Co.*, 72 Ala. 603; *Gilman v. N. O. & S. R. R. Co.*, *Ib.* 566; *Walker v. Jones*, 23 Ala. 448.

This appeal is taken and prosecuted by all the defendants below. The assignments of error in this court are made by them jointly. The decree appealed from involves no error injurious to the appellants, E. B. Rentz, R. E. Rentz, or Roland Kimbrell. If it involves error working injury to the rights of the other appellants—an inquiry which it is not necessary to enter upon—they should have severed in the assignment of it. The former adjudications and settled practice of this court impel us to disregard assignments of error, made jointly by all the appellants, as to matters which are available, if at all, to some of them only.—*McGehee v. Lehman, Durr & Co.*, 65 Ala. 320.

Those assignments which are directed against the decrees of July 2d, 1888 (ordering petition for writ of assistance), and October 16th, 1888 (confirming report of register), must be stricken out in response to motion of appellee. The record shows that no appeal was taken from either of these decrees. *Atkinson v. C. & N. Railway Co.*, 34 N. W. Rep. 63; *Horn v. Volcano Water Co.*, 18 Cal. 142; *Bornheimer v. Baldwin*, 38 Cal. 671.

Affirmed.