No. 16,837.

## WILDS ET AL. *v.* WARD ET AL.

MORTGAGE.—*Of Building.*—*When Ground Included.*—A mortgage written and executed in the form of a real estate mortgage, but describing the property as "one one-story frame building store-room, situate on lot number forty-two, in block number thirty-four in the original plat of the town of Kirklin," includes not only the building but also that part of the lot upon which the building stands, and as much more as is necessary to the use of the building as a place for the sale of merchandise.

From the Clinton Circuit Court.

*H. G. Sheridan,* for appellants.

*F. F. Moore,* for appellees.

DAILEY, J.—This action was brought by the appellees Boswell Ward, Marion Ward and Clair S. Dearborn, doing business under the firm name of "Ward Brothers," to collect a note, and reform and foreclose a mortgage given to secure the payment of the note.

The complaint was filed January 12, 1892, and it charges substantially as follows:

That on July 3, 1891, defendant William W. Wilds executed to plaintiffs his promissory note, due in ninety days, for $325; that at the time said Wilds was the owner, in fee, of lot 42, in block 34, in the original plat of the town of Kirklin, in said county; that on said day said defendant promised and agreed with plaintiffs to execute to them a mortgage on said real estate to secure the payment of said note; that in pursuance of said agreement the defendant Wilds executed a mortgage, a copy of which is filed herewith and made a part hereof; that by mistake of the scrivener who drew said mortgage, the description contained therein, to wit: "One one-story frame building store room, situate on lot number forty-two, in block number thirty-four, in the original plat of the town of Kirklin," was inserted instead of the one first above set out, and which was intended to be inserted by the plaintiffs and defendant; that by said mutual mistake of the parties, said mortgage was executed, delivered and accepted by said erroneous description, believing it to contain the correct description, and that said erroneous description was not the one intended by the parties thereto.

It also charges that defendant (appellant) Jesse S. Reagan, held a mortgage on said lot 42, which was made

after plaintiffs' mortgage, and, because of the allegations above set forth, was junior to plaintiffs' mortgage.

Upon these allegations, with such formalities as are necessary to make a good complaint on note and foreclosure of the mortgage, the plaintiffs came into court.

To this complaint the defendants joined issue by a general denial. The cause was tried by the court, and it rendered a personal judgment against the defendant Wilds for $385.59, being the amount of the principal, interest and attorney's fee due on said note, without relief from valuation or appraisement laws; that the mortgage be foreclosed as against the defendants and all persons claiming under or through them in and to the following property, to wit: "The one story frame building store room, situated on lot number forty-two (42), in block number thirty-four (34), in the original plat of the town of Kirklin, Clinton county, State of Indiana," and so much of said lot as is occupied and covered by said building, together with so much of said lot as is and shall be appropriate and essential to the use of said building as a place for a sale of merchandise with the right of ingress and egress.

The court further found and adjudged that the lien or claim of the defendant Jesse S. Reagan, on the above described real estate and easement, is junior and subaltern to the lien of the plaintiffs thereon.

The appellants assign two errors, but no objection is made by them to the judgment and decree of the court, except so much of it as affects lot 42, in block 34, in the original plat of the town of Kirklin. That is, they do not assail the personal judgment or decree of foreclosure as to the building upon the lot, but they seek to contest so much of the decree as in any wise affects the real estate in controversy.

The portion of the complaint attempting to subject the

real estate on which the building is situate to the pay-
ment of this debt, proceeds upon the theory of reforma-
tion; that it was the intention of all the parties to mort-
gage the lot in question, but by their mutual mistake it
describes and includes only the building upon the lot.

After the trial was had, the court being of the opinion
that there was no ambiguity in the mortgage, no correc-
tion of it was made. The relief sought by the plaintiffs, in
this particular, was, in effect, denied, but the court, act-
ing upon the theory, from the language of the mortgage,
that it was the plain intent of all parties concerned that
so much of the lot should pass with the mortgage of the
building as was essential to its use, entered a decree of
foreclosure, not of the building alone, nor of the lot and
building, but so much of the lot as the building stands
upon, and sufficient for means of ingress and egress, and
that which is essential to the use of the building as a
place for the sale of merchandise, together with the
building.

It is contended by the appellants, that either the plain-
tiffs, under the theory taken by them in the case, were en-
titled to a judgment correcting the mortgage and a fore-
closure against the lot which they alleged it was intended
to cover, or they were bound by the terms of the mort-
gage and were entitled to a foreclosure of the mortgage
on the building only. As the appellees failed to get the
mortgage in suit reformed, but succeeded in getting a
foreclosure of the mortgage without reformation, this
termination of the cause, the appellants insist, was out-
side the issues and reversible error. It seems that the
real estate affected by the judgment of the court is a part
of the lot sought to be included in the foreclosure, and
is a portion of the real estate set out in the unreformed
mortgage. This being so, the judgment is not outside
the issues, if the force of the language contained in the

instrument is sufficient to entitle the plaintiffs to the relief they ask without reformation. A judgment is not open to this objection, because it does not give all the relief asked, if what is given is justified by the facts alleged and proven where evidence *aliunde* is admissible to show what was meant. Viewed in connection with the issues tendered in this action, the judgment simply indicates a failure of proof on the point upon which reformation was sought, and not that there was an abandonment of any theory. The query is, was there a finding outside the issues?

Appellants' learned counsel say: "A careful examination of the evidence adduced at the trial shows that the plaintiff sought his relief at the trial upon the challenge in his complaint, but there is no finding by the trial court of mistake and no judgment correcting a mistake and giving the plaintiffs the relief they sought."

This language is an admission that the evidence was germane to the issue, but insufficient to entitle the appellees to all the relief asked. Was it sufficient for the relief granted? It is too well settled to admit of doubt that buildings may be treated as personal property and mortgaged, sold and moved accordingly, and that they may be the subject of mortgage without including the land upon which they are situate.

In the absence of a finding and judgment by the trial court that there was a mistake and the plaintiffs should have their mortgage corrected so as to conform to the mutual intention of the parties, such intention must appear from the language of the instrument in question. If the language of the instrument to be construed is of such a nature that different constructions could be placed upon it, then it, of itself, offers something for the court to interpret.

In *Indianapolis, etc., R. W. Co.* v. *First Nat'l Bank,*

*etc.*, 134 Ind. 127, it is said: "When a building is erected, *prima facie*, it is a part of the land upon which it stands, and, in order to rebut the presumption of law, a state of facts must be shown to take it out of the operation of the general rule."

In *Endsley* v. *State*, 76 Ind. 467, this court held a criminal information sufficient which charged the unlawful, violent, and forcible detention of a dwelling house, for the reason that such a structure necessarily partakes of the nature of real estate. A deed describing the property as "the storehouse wherein A. B. had a store, now occupied by him as a postoffice, with the outhouse and office adjoining," was held to convey also the lot on which the houses were situated, there being nothing in the description to exclude the lot. *Wise* v. *Wheeler*, 6 Ired. 196.

In this case there is no conflict in the evidence save on the question of a mistake, and if there were conflict, this court will leave it to the lower court to decide whom to believe. If the evidence introduced was competent under the issues, and if the finding of the court was within the evidence, there is no variance. Evidence that the property mortgaged was personal property was competent under the issues tendered by the complaint, and a showing to that effect would have denied any intention to mortgage lot 42 in block 34, or any part of it. In our opinion the mortgage of the building, in the absence of language indicating a different intention on the part of the mortgagor, passed such an interest in the land on which it rested as was essential to its use and enjoyment.

The mortgage in question, among other things, states that "William W. Wilds * * * mortgage and warrant to Ward Brothers * * * the following real estate * * * to wit: describing the premises, without in any wise limiting the estate conveyed. It seems to be the law

Wilds *et al. v.* Ward *et al.*

that the intention to pass such an interest in the land on which the building stands as is essential to its use and enjoyment, is implied where no other one is manifest or proven. But, independent of inferences, we think the intention to treat the subject as real estate is clear. The form used is that of a real estate mortgage—the subject of the mortgage is "real estate," and this "real estate" is mortgaged and warranted—the grantor styles himself an "unmarried" man. None of this is appropriate to the hypothecation of personal property. When an absolute interest is intended to be conveyed, general terms only need be used. *Johnson* v. *Raynor,* 6 Gray (72 Mass.) 107.

Here the terms employed are general, usual and unrestricted. If the intention had been to convey anything less than the things essential to the use and enjoyment of the building as real estate, it should have been expressed by appropriate terms. It appears, therefore, that the intention to grant the storehouse was not the sole aim of the parties; that it was not the purpose to give it a mere temporary resting place, but a position where it might be used and enjoyed forever.

In our opinion the appellees are entitled to the judgment entered in this case by virtue of the terms of the mortgage as executed, and are not confined in their remedy to the building with the right to remove it from the premises.

We think the judgment of the lower court should be, and it is, in all things affirmed.

Filed June 19, 1894.